Belknap
No. 7185

STATE OF NEW HAMPSHIRE

v.

DAVID S. LORDAN

August 31, 1976

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general *(Mr. Richard B. McNamara,* under Supreme Court Rule 23, orally), for the State.

*Wescott, Millham & Dyer (Mr. Peter V. Millham* orally) for the defendant.

PER CURIAM. The defendant excepted to the denial of his motion to quash three indictments alleging violations of RSA 159:2 (Supp. 1975) which provides: "If any person shall commit or attempt to commit a crime when armed with a pistol or revolver, he shall, in addition to the punishment provided for the crime, be guilty of a class B felony.... The additional sentence of imprisonment hereby provided shall not be served concurrently with any other term; and no part of such additional term of imprisonment shall be suspended...." The defendant contends that the constitutional prohibition of double jeopardy and the constitutional right of due process preclude his trial on these charges.

The three indictments in this case, which were returned in April 1974, accuse the defendant of acts which were also charged in three earlier indictments returned in January 1974. Two of the January indictments charged that the defendant had committed

attempted murder by purposely firing four .22 caliber rounds at two named individuals. RSA 629:1, 630:1, and 630:1-a. The third indictment charged that the defendant had committed robbery while actually armed with a deadly weapon. RSA 636:1. The defendant pleaded guilty to the three January indictments in February 1974 and received consecutive sentences of seven-to-fourteen, seven-to-fourteen, and six-to-twelve years. The defendant did not appeal these convictions. The defendant has been sentenced in California to life imprisonment to be served after he serves his New Hampshire sentences.

Thereafter the defendant moved that his sentences be made concurrent as required by RSA 651:3 III (repealed Laws 1975, 158:2, effective July 25, 1975), and the court so ordered on March 1, 1974. The county attorney was not satisfied with the sentence thus imposed and secured the three indictments in the present case. Each of these indictments charge the commission of an offense charged in one of the January indictments with the additional allegation that the defendant was armed with a pistol when he committed the offense. The defendant moved to dismiss these indictments. The Court *(Keller,* C.J.) denied the motion, and the defendant pleaded guilty to each of the indictments, reserving his right to challenge them on appeal. The court deferred sentencing and reserved and transferred the defendant's exceptions.

The prosecutor knew the facts on which the present charges are based at the time that the defendant pleaded guilty to the first three indictments. Nothing prevented the prosecutor from seeking the present indictments then. The submission and acceptance of the defendant's pleas to the first three indictments must have contemplated that no further charges would be brought, for the defendant by his pleas deprived himself of any meaningful defense to the present charges.

*State v. Thomas,* 61 N.J. 314, 294 A.2d 57 (1972), is closely in point. Thomas knocked a woman to the sidewalk and made off with her purse. He was charged with atrocious assault and battery, assault with intent to rob, and robbery. Pursuant to a plea bargain the defendant pleaded guilty to the first charge, and the other two charges were dismissed. After the victim's death, the State secured an indictment for murder. The New Jersey Supreme Court directed that the indictment be dismissed and said:

"From an examination of the record . . . we are convinced that the defendant anticipated that by pleading guilty to atrocious as-

sault and battery, and then serving whatever sentence might be imposed, he was terminating the incident and could not thereafter be called upon to account further. We think, under all of the circumstances, that this expectation was entirely reasonable and justified. Furthermore we think it was shared by the prosecutor, at least until he learned that Mrs. Murray had died. In moving thereafter to dismiss the remaining counts of the indictment the prosecutor was being faithful to the agreement; on the other hand, in pressing the presently pending murder charge, the State is doing violence to its agreement, and is seeking to deprive the defendant of something for which he legitimately bargained." 61 N.J. at 323, 294 A.2d at 62.

The prosecutor is not entitled to dissolve an executed bargain or to vacate a guilty plea when he discovers that the bargain is unexpectedly advantageous to the defendant. *United States v. Hallam,* 472 F.2d 168 (9th Cir. 1973); *United States v. Anderson,* 514 F.2d 583 (7th Cir. 1975). The circumstances of the present case indicate that the defendant reasonably believed that no further charges would be brought in relation to the episode when he pleaded guilty to the first three indictments. The motion to dismiss should have been granted, because the filing of the present indictments violated the understanding which was the basis of the defendant's earlier pleas.

A defendant potentially facing multiple charges arising from a single transaction may not escape prosecution on all simply by pleading guilty to one, in the absence of an express or reasonably implied agreement with the prosecutor. *See* ABA Standards Relating to Criminal Justice, Joinder and Severance § 1.3 (d) (Approved Draft, 1968); *cf.* RSA 651:4 II (Supp. 1975; Laws 1971, 158:1). Where the defendant commits several offenses in a single transaction and the prosecutor has knowledge of and jurisdiction over all these offenses and the defendant disposes of all charges then pending by a guilty plea to one or more of the charges, the prosecutor may not prefer additional charges arising from the same transaction unless either he has given notice on the record at the time of the plea of the possibility that he may prefer further charges or the defendant otherwise knows or ought reasonably to expect that further charges may be brought.

*Defendant's exceptions sustained;*
*indictments dismissed.*