Hillsborough
No. 85-245

### THE STATE OF NEW HAMPSHIRE

v.

### JON SMITH

April 11, 1986

*Stephen E. Merrill*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

JOHNSON, J.   The defendant, Jon Smith, was indicted by a grand jury in April 1984. Three indictments (84-674, 84-675 and 84-676) charged the defendant with aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1983), and one (84-677) charged the defendant with second degree assault, RSA 631:2 (Supp. 1983). He was convicted on two aggravated felonious sexual assault charges (indictments 84-675 and 84-676) and sentenced to consecutive 3 to 7 year terms of hard labor. The defendant was also convicted of simple assault, RSA 631:2-a (Supp. 1983), and sentenced to serve twelve months in the house of correction concurrently with the sentence rendered in 84-675. He was found not guilty on one of the indictments (84-674) of aggravated felonious sexual assault ("penetration" with an "object," RSA 632-A:1, V(e) (Supp. 1983)).

The defendant appeals his conviction on charges of aggravated felonious sexual assault. The question before this court is whether the Superior Court (*Flynn*, J.) erred in denying the defendant's motion to quash one of the indictments on which he was found guilty. For the reasons set forth below, we affirm.

The following events led to the defendant's arrest and conviction. On February 10, 1984, the defendant and two friends arrived at 6 Cross Street in Nashua at approximately 2:00 a.m. The victim, who was asleep on a couch in an apartment at that address, awoke to the defendant's knock and let in the defendant and his friends. The victim testified that one of the defendant's companions chased another person, who had been sleeping in the apartment, out of the apartment at knifepoint. After that incident, the defendant hit the victim in the face with a cane and forced him to perform fellatio on the defendant. Later, the defendant again demanded that the victim perform fellatio, but in this instance the defendant only used threats of force. In both instances the victim submitted to the defendant and committed the sexual acts. Thereafter, the victim was able to leave the apartment. He went to a friend's house and reported the incidents to the police.

The State argues that the defendant failed to preserve the issue of the sufficiency of indictment 84-675 and, thus, was precluded from raising it on appeal. In reviewing the record of the lower court on the motion to quash, we find that the defendant properly preserved the issue for appeal.

While this appeal requests only that one indictment be dismissed, we must discuss two of the indictments since one of the defendant's arguments in support of his motion to quash is that two of the indictments are so similar as to be identical. The two indictments are for aggravated felonious sexual assault, 84-675 and 84-676. Each is set out below:

> [84-675] "[O]n February 10, 1984] in Nashua the defendant did purposely engage in sexual penetration with [the victim], to wit: fellatio, when the actor, Jon Smith, coerced the victim, . . . , to perform fellatio upon him by threatening to use physical force on the victim and the victim believed that Jon Smith had the present ability to execute that threat."

> [84-676] "[O]n February 10, 1984] in Nashua the defendant did purposely engage in sexual penetration with [the victim], to wit: fellatio, when the actor, Jon Smith, coerced the victim to submit by threatening to use physical force on the victim, and the victim believed that the actor had the present ability to execute that threat, to wit: Jon Smith hit the victim on the face, and said, "Come on, let's have it" and then Jon Smith raised his cane in a threatening fashion to [the victim] and said "Now," coercing the victim to perform fellatio upon the said Jon Smith."

■ Before trial, the defendant moved to quash "either of the above-enumerated indictments [on the ground that they did not properly inform him] of the accusations against him with sufficient differences to permit him to adequately prepare for trial." The test for the sufficiency of an indictment is found in part I, article 15 of the New Hampshire Constitution. This court has construed the constitutional provision to require an indictment to "inform the defendant of the offense for which he is charged with sufficient specificity so that he knows what he must be prepared to meet and so that he is protected from being put in jeopardy again for the same offense." *State v. Cote*, 126 N.H. 514, 519, 493 A.2d 1170, 1174 (1985) (citations omitted). Thus, we must determine whether the indictments informed the defendant of the charges and enabled him to prepare for trial. Further, we must determine whether the defendant was protected from double jeopardy.

■■ The two indictments as read to the jury both allege, as the defendant argues, the same date, place, and victim, as well as the necessary elements of aggravated felonious sexual assault. However, one indictment alleges that the defendant actually hit the victim in the face and then continued to threaten him while he performed the sexual act, while the other alleges that the sexual assault took place when the defendant merely "threatened" the victim with physical force. The defendant, therefore, argues that due to lack of specificity, the indictments are constitutionally deficient. The threshold for meeting the constitutional standard outlined above is a requirement that an indictment state "all of the necessary elements constituting the offense." *State v. Cote, supra* at 519, 493 A.2d at 1174. (Citations omitted.) *See* RSA 625:11, III (1974). Since the defendant did not claim, and we do not find, that any essential element was lacking in the indictments, we hold that the defendant was adequately informed of the charges against him.

■ In addition, we address the defendant's concern regarding double jeopardy. *See* N.H. CONST. pt. I, art. 16. His concern is that the victim alleged a third act of fellatio for which he was not indicted. The defendant argues that the above indictments (84-675 and 84-676) are *so* imprecise, that if he were to be indicted later for the alleged third act, he would be unable to tell whether it was that third act or one for which he had already been indicted and convicted. Thus, he asserts, he would be subject to double jeopardy. We do not find this argument to be persuasive. The State chose to indict the defendant on two acts of fellatio and cannot now reindict him for this alleged third act. *See State v. Lordan,* 116 N.H. 479, 363 A.2d 201 (1976) (when the defendant pleads guilty to one charge of multiple charges arising from a single transaction, it may preclude prosecution on the remaining charges if that may be expressly or reasonably implied from an agreement with the prosecutor). Thus, we can see no circumstance in which a double jeopardy situation can arise.

■■ In conclusion, we find no indication on the record that the defendant was actually prejudiced in his trial preparations by these indictments. He had an opportunity to review the charges before trial. He also had the opportunity to review the indictments in more detail after the trial court ordered the State to file a bill of particulars with the indictments. "The test is not whether the information could be more comprehensive and certain," but only whether the indictment meets the basic requirements of specificity and fair notice. *State v. Merski,* 121 N.H. 901, 914, 437 A.2d 710, 718 (1981),

*cert. denied,* 455 U.S. 943 (1982) (citations omitted). These indictments have met the test. Accordingly, the trial court's denial of the motion to quash is affirmed.

*Affirmed.*

All concurred.