OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellee, v. Carpenter, Appellant.
[Cite as State v. Carpenter (1993),     Ohio St.3d     .]
Criminal law -- State can indict a defendant for murder after
     the court has accepted a negotiated guilty plea to a
     lesser offense and the victim later dies of the injuries
     sustained in the crime, when.
The state cannot indict a defendant for murder after the court
     has accepted a negotiated guilty plea to a lesser offense
     and the victim later dies of injuries sustained in the
     crime, unless the state expressly reserves the right to
     file additional charges on the record at the time of the
     defendant's plea.
     (No. 92-1269 -- Submitted September 15, 1993 -- Decided
December 22, 1993.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-1150.
     Appellant, Jeffrey Carpenter, was indicted on one count of
felonious assault arising from a stabbing which occurred on
September 6, 1984. The record indicates that on January 17,
1985, appellant, after plea negotiations with the state,
entered a guilty plea to the lesser included offense of
attempted felonious assault. The state agreed to recommend the
minimum allowable sentence of two to ten years and a maximum
fine of $5,000. At the time the state entered into the
agreement, it was aware that the victim was in a coma and would
very probably die, allegedly as a result of the defendant's
actions. The plea agreement contained no reference to
additional prosecution in the event of the alleged victim's
death. Defendant was sentenced to a term of two to ten years'
imprisonment.
     On March 28, 1986, the victim died. The state had actual
and timely notice of the victim's death. Sometime after
September 1987, appellant was released from prison after
serving almost three years of his sentence. On January 28,
1988, shortly after appellant's release, he was indicted for
murder of the victim.
     The murder indictment was subsequently dismissed by the
trial court on two separate occasions: first, on the basis of

double jeopardy; and later, on the grounds that defendant was denied due process of law by the state's delay in seeking an indictment for murder. In both instances, the court of appeals reversed. State v. Carpenter (Mar. 14, 1989), Franklin App. No. 88AP-860, unreported; State v. Carpenter (June 7, 1990), Franklin App. No. 89AP-1446, unreported. On remand, appellant filed a third motion to dismiss the indictment asserting that further prosecution was barred by the terms of the 1985 plea agreement. The trial court granted appellant's motion to dismiss and the court of appeals reversed.

This cause is now before this court upon an allowance of a motion for leave to appeal.

Michael Miller, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellee.

Philip Churchill, Franklin County Public Defender, and John W. Keeling, Assistant Public Defender, for appellant.

Francis E. Sweeney, Sr., J. The sole issue before this court is: When the state accepts a negotiated plea, and the victim later dies of injuries sustained in the crime, can the defendant later be indicted for murder where the state does not expressly reserve the right of the state to file additional charges, should the victim later die? For the following reasons, we answer "no" and, thereby, reverse the judgment of the court of appeals.

Plea agreements are an essential and necessary part of the administration of justice. Santobello v. New York (1971), 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427. "Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons." Id. at 261, 92 S.Ct. at 498, 30 L.Ed.2d at 432. "This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances." Id. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

In State v. Thomas (1972), 61 N.J. 314, 294 A.2d 57, the New Jersey Supreme Court decided a case closely on point with the present case. In Thomas, the defendant knocked a woman to the sidewalk and took off with her purse. The defendant was charged with robbery, assault with intent to rob, and atrocious assault and battery. Pursuant to a plea bargain, the defendant pled guilty to the charge of atrocious assault and battery and he was sentenced accordingly. Thereafter, the victim died. About eight months later the two remaining counts were dismissed, and the state secured an indictment for murder.

The New Jersey Supreme Court directed that the indictment be dismissed and held:

"From an examination of the record * * * we are convinced that the defendant anticipated that by pleading guilty to atrocious assault and battery, and then serving whatever sentence might be imposed, he was terminating the incident and could not thereafter be called upon to account further. We think, under all of the circumstances, that this expectation was entirely reasonable and justified. Furthermore we think it was shared by the prosecutor, at least until he learned that

Mrs. Murray had died." 61 N.J. at 323, 294 A.2d at 62.

Several other courts adopting the rationale of Thomas have held that if the state wants to reserve its right to file additional charges based upon the contingency of the death of the alleged victim, it must make such a contingency part of the plea agreement. See State v. Nelson (1990), 23 Conn.App. 215, 579 A.2d 1104; State v. Lordon (1976), 116 N.H. 479, 363 A.2d 201.

In the present case, the state had actual knowledge of the alleged victim's condition at the time of the plea agreement and knew death was possible. Nevertheless, the state accepted a plea in which it agreed to reduce the charge of felonious assault to attempted felonious assault and recommend the imposition of a minimum sentence of two to ten years. By accepting a plea to a lesser included charge, the state obtained a definite prison term for the defendant and avoided the uncertainties of trial. In exchange, the appellant anticipated that by pleading guilty to attempted felonious assault, and giving up rights which may have resulted in his acquittal, he was terminating the incident and could not be called on to account further on any charges regarding this incident. We think this expectation was entirely reasonable and justified and that the prosecutor was aware of this expectation. Therefore, if the state wanted to reserve its right to bring further charges later, should the victim die, the state should have made such a reservation a part of the record.

Accordingly, we hold that the state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea.

The judgment of the court of appeals is reversed, the indictment for murder is ordered dismissed and the defendant is discharged.

> Judgment reversed,
> indictment for murder
> dismissed and defendant
> discharged.

Moyer, C.J., A.W. Sweeney, Douglas and Wright, JJ., concur.

Resnick and Pfeifer, JJ., dissent.

Pfeifer, J., dissenting. There is no doubt that the prosecution of the case against Carpenter has been less than perfect. Twenty-two months passed between the victim's death and the time Carpenter was indicted for murder. The prosecutor inexcusably claims that the defendant's case "fell through the cracks." Still, a person was killed in this case, and Carpenter should not go untried for murder simply because he was lucky enough to negotiate a settlement before the victim died of the mortal injuries Carpenter inflicted.

This court has previously refused to accept jurisdiction in this case on Carpenter's claim of double jeopardy. State v. Carpenter (1989), 44 Ohio St. 3d 709, 542 N.E.2d 347. It is well settled that a defendant may be tried for the murder of his victim even if he had been previously convicted of a lesser related offense prior to the victim's death. "The courts have

long held that where a fact necessary to the commission of one offense occurs after the defendant has been convicted of another offense, multiple prosecutions are not barred by the Double Jeopardy Clause." State v. Thomas (1980), 61 Ohio St. 2d 254, 262, 15 O.O.3d 262, 267, 400 N.E.2d 897, 904.

The same type of reasoning should be applied in the present situation. Where a fact necessary to the commission of one offense has not occurred at the time a plea bargain is made, the plea bargain cannot apply to that offense. A plea bargain applies to the universe of charges that could be associated with one set of facts. At the time of the plea bargain in this case, murder could not have been included in the universe of possible charges. The victim's death had not yet occurred.

Carpenter was going to be tried for something at the time of the plea bargain -- the prosecutor did not need to wait until the death of the victim to try him. Since there were no double-jeopardy implications, Carpenter could have been convicted of attempted murder, felonious assault, or some other crime prior to the victim's death, and again for murder after the victim's death. He would have gone to jail if convicted prior to the victim's death. Prosecutor and defendant weighed the risks associated with possible convictions under the facts as they then existed, and arrived at their plea bargain.

The majority decision clouds the plea bargaining process by adding extraneous factors for consideration. Where do we draw the line? At what point in the victim's struggle for survival is the prosecutor deemed to know that the victim will probably die, and at what point is that knowledge assumed to be wordlessly understood in the plea agreement?

In cases like this defendants are in a position where they can be convicted of some crime prior to the victim's death. We have no reason to believe that the plea bargain applies to any charge but that one. I believe that it is contrary to sound public policy to allow prosecutors and defense counsel to make plea bargains on crimes that have not yet been committed, especially when the bargaining is tied to the victim's chances of survival.

I would thus affirm the judgment of the appellate court.

Resnick, J., concurs in the foregoing dissenting opinion.