{¶ 40} On this appeal from an order of Judge Mary J. Boyle, I concur in judgment only on assignment one, and concur in part and dissent in part on assignment two. I would affirm the dismissal of count one of the indictment, which alleges aggravated vehicular assault under R.C.2903.08(A)(1), and reverse the dismissal of count two only, which alleges aggravated vehicular assault under R.C. 2903.08(A)(2).
 {¶ 41} While I agree that State v. Carpenter[1] does not authorize dismissal of the common pleas indictment, I do not agree thatCarpenter's rationale applies only to cases in which subsequent events lead to further charges. The rationale of Carpenter and the cases it relied upon focused on the defendant's "reasonable and justified" belief that the entry and acceptance of a guilty plea had the effect of "terminating the incident" and that no more charges would be forthcoming from it.[2] Indeed, in State v. Lordan,[3] a case cited inCarpenter, the New Hampshire Supreme Court applied State v. Thomas[4]where a subsequent indictment was based on facts already known andchargeable at the time of the first indictment.[5] The relevantquestion in this case, as in Carpenter, Thomas, and Lordan, should be whether Zima entered her no contest plea with a justifiable understanding that no further charges would be filed concerning the incident.
 {¶ 42} Although I am wary of relying on the October 3, 2001, sentencing transcript to determine Zima's understanding at the time of her August 27, 2001 plea, I nevertheless agree with Judge Cooney's concurring opinion finding that she failed to show a reasonable belief that no further charges would be filed. Although the circumstances of plea agreements ordinarily suggest that a defendant's guilty plea is understood to preclude further charges, the understanding is not irrebuttably presumed. Where the prosecutor has "knowledge of and jurisdiction over" the defendant's offenses, a plea agreement ordinarily discharges all offenses arising from a single incident unless the prosecutor gives notice or "the defendant otherwise knows or ought reasonably to expect that further charges may be brought."[6]
 {¶ 43} While a municipal prosecutor has jurisdiction to file a felony complaint against a defendant, a municipal court judge has only limited jurisdiction to hear a felony charge, which consists of holding a preliminary hearing and binding the defendant over to common pleas court, reducing the charge to a misdemeanor upon adequate evidence that the felony charge is not supported by probable cause, or discharging the defendant.[7] Moreover, once a grand jury returns an indictment a municipal court judge loses jurisdiction to hold a preliminary hearing, and has no further authority over the determination of the case.[8]
Even though it appears that Zima was unaware of its filing at the time of her no contest plea on August 27, 2001, the common pleas indictment was filed on August 23, 2001. Despite the lack of notice the indictment divested the municipal court judge of jurisdiction over felony charges, and thus divested the municipal prosecutor of authority to make representations concerning such charges in plea negotiations.
 {¶ 44} A defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully. Therefore, Zima cannot simply rely on an implied representation that no further charges would be brought but must articulate the circumstances showing why her belief was reasonable in this case, which she has failed to do. For these reasons I concur in the disposition of the first assignment of error.
 {¶ 45} In the second assignment of error the majority reverses the dismissal of two of the three counts charged in the indictment. Count one of the indictment charged Zima with aggravated vehicular assault by causing serious physical harm to Gary J. Schlairet as a result of driving under the influence in violation of state or municipal law,[9] count two alleged that she committed the same aggravated vehicular assault by causing Schlairet's harm recklessly,[10] and count three alleged DUI in violation of the state statute.[11] There is no dispute that the municipal and state DUI charges constituted the same offense, and thus I agree that count three was properly dismissed. However, the majority mistakenly fails to affirm the dismissal of the first count, which alleges aggravated vehicular assault based on the DUI violation.
 {¶ 46} The same-elements test stated in Blockburger v.United States[12] applies to determine whether two offenses are the same for double jeopardy purposes, regardless of whether the complaint objects to multiple punishments or successive prosecutions.[13] While theBlockburger test is applied using the abstract elements of statutes, statutes containing alternative elements are analyzed separately, as though each alternative had been written as a separate statute.[14] The offense of aggravated vehicular assault requires proof of serious harm caused by a driver in one of two ways; (1) by violation of a DUI statute or ordinance, or (2) recklessly. The first alternative is constitutionally barred because Zima has already been prosecuted for the DUI violation, and that offense is necessarily included within R.C.2903.08(A)(1) and is the same offense under the Blockburger test. Therefore, the State should be limited to proving aggravated vehicular assault under R.C. 2903.08(A)(2).[15]
 {¶ 47} I recognize that the Ohio Supreme Court purported to adopt Justice Rehnquist's dissenting opinion in Whalen as the standard for determining whether two offenses are allied under the multiple punishment statute, R.C. 2941.25.[16] I do not believe, however, that the Rance
court intended to disregard the majority opinion in Whalen, and to the extent such a result was intended it must, at least, be limited to the interpretation of whether multiple punishments are legislatively authorized under R.C. 2941.25 and not to whether successive prosecutions are authorized. While Blockburger's same-elements test has been called a rule of statutory construction,[17] it is nonetheless a rule of statutory construction with constitutional implications,[18] and so should not be altered by inferior courts.
 {¶ 48} Although state courts have the final authority to construe statutes,[19] this does not give state courts discretion to alter therules of statutory construction set forth by the Supreme Court for use in determining whether a fundamental constitutional right has been abridged. State court discretion to adopt different rules of statutory construction extends only to determining whether the legislature clearly intended to allow multiple punishments even when the offenses are the same under Blockburger.[20] In the absence of clear legislative intent found elsewhere, Blockburger is a constitutional test because "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed."[21]
 {¶ 49} Furthermore, even if a state court could alter theBlockburger rule in the context of multiple punishments, no amount of otherwise-expressed legislative intent can save successive prosecutions from double jeopardy if the offenses have the same elements,[22] and thus state courts must apply that test as intended by the Supreme Court, which means Whalen's majority opinion controls. The Ohio Supreme Court might have authority to adopt Justice Rehnquist's Whalen dissent as the standard for defining "allied offenses of similar import" under R.C.2941.25,[23] but Whalen's interpretation of Blockburger cannot be disregarded when analyzing "same offense" issues that are not controlled by R.C. 2941.25.[24] Therefore, Whalen must be applied in successive prosecution cases, and can only be interpreted to bar a prosecution under R.C. 2903.08(A)(1) in this case.
 {¶ 50} I would affirm the dismissal of counts one and three of the indictment, and reverse only as to count two.
[1] 68 Ohio St.3d 59, 1993-Ohio-226, 623 N.E.2d 66.
[2] Id. at 61-62, quoting State v. Thomas (1972), 61 N.J. 314,323, 294 A.2d 57.
[3] (1976), 116 N.H. 479, 363 A.2d 201.
[4] (1972), 61 N.J. 314.
[5] Id. at 481.
[6] Id. at 482.
[7] R.C. 1901.20(B); Crim.R. 5(B)(4); State v. Nelson (1977),51 Ohio App.2d 31, 36, 5 O.O.3d 158, 365 N.E.2d 1268.
[8] R.C. 1901.20(B); Crim.R. 5(B)(1); State v. Chavis (Dec. 26, 1996), Franklin App. No. 96APA04-508.
[9] R.C. 2903.08(A)(1).
[10] R.C. 2903.08(A)(2).
[11] R.C. 4511.19.
[12] (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.
[13] United States v. Dixon (1993), 509 U.S. 688, 696, 113 S.Ct. 2849,125 L.Ed.2d 556.
[14] Whalen v. United States (1980), 445 U.S. 684, 694 and n. 8,100 S.Ct. 1432, 63 L.Ed.2d 715; Pandelli v. United States (C.A.6, 1980),635 F.2d 533, 537.
[15] Whalen, 445 U.S. at 694; see, also, Illinois v. Vitale (1980),447 U.S. 410, 420-421, 100 S.Ct. 2260, 65 L.Ed.2d 228.
[16] State v. Rance, 85 Ohio St.3d 632, 637, 1999-Ohio-291,710 N.E.2d 699.
[17] Whalen, 445 U.S. at 691-92.
[18] Brown v. Ohio (1977), 432 U.S. 161, 166, 97 S.Ct. 2221,53 L.Ed.2d 187.
[19] Id. at 167-168.
[20] Missouri v. Hunter (1983), 459 U.S. 359, 368-369, 103 S.Ct. 673,74 L.Ed.2d 535; Ohio v. Johnson (1984), 467 U.S. 493, 499 n. 8,104 S.Ct. 2536, 81 L.Ed.2d 425.
[21] Albernaz v. United States (1981), 450 U.S. 333, 344,101 S.Ct. 1137, 67 L.Ed.2d 275; see, also, Rance, 85 Ohio St.3d at 635.
[22] Brown, 432 U.S. at 166.
[23] I note, however, that attributing this understanding as the clear legislative intent in enacting R.C. 2941.25 is a tenuous proposition; the statute was enacted in 1974, while Whalen was decided in 1980.
[24] See Rance, 85 Ohio St.3d at 634 ("This case does not involve the successive-prosecution branch of the Double Jeopardy Clause.").