DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Prestina M. Sims, appeals from her conviction in the Summit County Court of Common Pleas for felonious assault, and specifically, the following judgments: (1) the denial of Appellant's motion to dismiss the charges/motion to compel specific performance of a plea agreement; and (2) the denial of Appellant's motion to dismiss the indictment based on selective or discriminatory prosecution. We affirm.
 I. {¶ 2} Appellant was arrested and charged in the Akron Municipal Court with one count of assault, a first degree misdemeanor; criminal trespass, a fourth degree misdemeanor; and disorderly conduct, a fourth degree misdemeanor.[1] These charges arose from Appellant's alleged assault of Steven Gonzales, the manager on duty at DaVinci's Pizza in Akron, Ohio, on or about July 31, 2004. Appellant had apparently started an argument with Mr. Gonzales and spat at him. Appellant then exited the store and came back with her boyfriend, Mark Jonathan Jones, who then allegedly assaulted a patron of the shop, Joseph Scarpino. Jones was also arrested and charged with a first-degree misdemeanor assault, but this charge was eventually re-signed as a felonious assault.
 {¶ 3} Appellant initially pled not guilty to the charges. Thereafter, Appellant's counsel and the city of Akron prosecutor engaged in plea negotiations. The negotiations resulted in a plea agreement whereby Appellant would plead guilty to all three misdemeanor charges with a maximum sentence of six months for the assault charge, and as consideration, the city prosecutor would not pursue the filing of felony charges against Appellant. The Akron city prosecutor presented the plea agreement to the municipal court judge in a pretrial meeting in chambers in the presence of Appellant's counsel at the time, Angela Kille. The record before this Court does not include a transcript documenting these plea negotiations. In August 2004, a pretrial was held and Appellant pled guilty to the charges. The municipal court sentenced Appellant to six months in jail on the assault charge, and Appellant was taken into custody immediately to serve the sentence.
 {¶ 4} On September 30, 2004, a police officer filed a complaint against Appellant in the Akron Municipal Court, charging her with felonious assault, in violation of R.C.2903.11, a second degree felony. The Field Arrest/Summons Form issued for Appellant, dated September 30, 2004 listed Mr. Scarpino as the complainant, and provided the following facts:
"[Appellant] entered Davinci's Pizza and started verbally arguing with victim. She continued to verbally assault victim and was asked to leave by business manager. She exited the business and yelled for her boyfriend who came back in behind her. She again verbally started assaulting victim and her boyfriend assaulted victim. The boyfriend (Mark Jones) was charged with Felonious after they fled scene after incident. Victim suffered broken nose and tooth knocked out[.]"
 {¶ 5} On October 12, 2004, the Summit County Prosecutor's Office submitted the case to the Summit County Grand Jury. The Grand Jury indicted Appellant through direct indictment on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a second degree felony. This charge arose from Appellant's alleged aiding and abetting Jones in the assault of Mr. Scarpino. Appellant pled not guilty to the charge.
 {¶ 6} On December 15, 2004, Appellant filed a motion to dismiss the charge/compel specific performance of the plea agreement. Appellant argued that her understanding of the terms of the plea agreement was as follows:
"[I]n return for pleading guilty to the misdemeanor assault charge against the manager of the pizza shop, [Mr. Gonzales,] with the understanding that the maximum sentence of six (6) months in the county jail would be imposed, [Appellant] would not be charged with any felony charges that could have been brought against her in this case, including, but not limited to, any charges against the pizza shop patron."
The trial court held a hearing on the motion. The Akron city prosecutor involved in the case testified, as did Appellant's counsel in municipal court, Ms. Kille, who, at the time of this representation, was a legal intern working under a legal intern certificate with the Summit County Legal Defender's Office.[2]
 {¶ 7} On February 3, 2005, the trial court denied Appellant's motion to dismiss the charges/compel specific performance of the plea agreement. The court reasoned, that, because Appellant's misdemeanor and felony charges arose from separate court jurisdictions, and since Mr. DiCaudo testified that he lacked the jurisdiction to handle felony cases and to enter into a plea agreement regarding possible felony charges, Appellant "could not reasonably have believed her plea agreement would terminate the incident."
 {¶ 8} On February 25, 2005, defense counsel filed a "Post-Hearing Memorandum in Support of Motion to Dismiss Based on Selective or Discriminatory Prosecution," as well as affidavits from Ms. Kille, Appellant's trial counsel in municipal court, and Joseph Kodish, Director of the Summit County Legal Defender's Office. In subsequent filings, defense counsel referred to the February 24, 2005 memorandum as a "motion to dismiss" based upon selective/discriminatory prosecution. It appears that the trial court also treated the memorandum as such.
 {¶ 9} In addition, defense counsel issued a subpoena duces tecum to the Summit County Prosecutor. A copy of this subpoena does not appear to be in the record. Appellee filed a motion to quash the subpoena and requested an evidentiary hearing on the motion.
 {¶ 10} At the plea hearing on April 14, 2005, defense counsel brought to the trial court's attention the outstanding motion to dismiss based upon selective prosecution, and requested a ruling on the motion. The court summarily denied the motion, and proceeded to Appellant's plea. Appellant entered a plea of no contest to felonious assault, and the court found Appellant guilty of the charge. The court sentenced Appellant to two years incarceration but suspended the sentence, placed Appellant on two years community control, and ordered her to complete an anger management program and to perform a minimum of 50 hours of community service. Subsequently, the trial court issued findings of fact and conclusions of law in support of its denial of the motion to dismiss based on selective/discriminatory prosecution at the request of defense counsel. This appeal followed.
 {¶ 11} Appellant timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED AND DENIED APPELLANT'S CONSTITUTIONAL RIGHTS WHEN IT DENIED APPELLANT'S MOTION TO DISMISS UPON SELECTIVE PROSECUTION WHEN IT QUASHED APPELLANT'S SUBPOENA AND FAILED TO PROVIDE APPELLANT A HEARING PURSUANT TO LAW."
 {¶ 12} In her first assignment of error, Appellant contends that the trial court erred when it denied her motion to dismiss based on selective/discriminatory prosecution. Appellant asserts that her subpoena was issued pursuant to Crim.R. 17(C), and that the court should have held an evidentiary hearing on Appellee's motion to quash. Appellee responds that Crim.R. 17(C) does not apply.
 {¶ 13} Crim.R. 17(C), "For production of documentary evidence," provides:
"A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or other objects designated therein; but the court, upon motion made promptly and in any event made at or before the time specified in the subpoena for compliance therewith, may quash or modify the subpoena if compliance would be unreasonable or oppressive."
A trial court must hold an evidentiary hearing on a motion to quash a subpoena duces tecum that requests the production of documents before trial. In re: Subpoena Duces Tecum served uponAttorney Potts, 100 Ohio St.3d 97, 2003-Ohio-5234, paragraph one of the syllabus.
 {¶ 14} However, upon a review of the record, we do not find that a copy of Appellant's subpoena was made part of the record before the trial court. Although Appellee's subsequently filed motion to quash the subpoena represents that defense counsel had requested "information regarding cases similar to this case and the number of cases prosecuted annually by the Summit County Prosecutor's Office," this representation is insufficient to provide this Court with a factual basis to determine whether the court was required to hold an evidentiary hearing.
 {¶ 15} An appellant bears the burden of supplying those portions of the record which demonstrate the error on appeal.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Therefore, we must presume the validity of the trial court's proceedings on this matter. Without more information, this Court cannot assess the nature and subject matter of the subpoena to determine whether Crim.R. 17(C) and the evidentiary hearing requirement even applies. Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT DENIED APPELLANT DUE PROCESS WHEN IT DENIED APPELLANT'S MOTION TO DISMISS/COMPEL SPECIFIC PERFORMANCE OF PLEA AGREEMENT." [sic]
 {¶ 16} In her second assignment of error, Appellant asserts that the trial court erred when it denied her motion to dismiss/compel specific performance of the plea agreement. We disagree.
 {¶ 17} We review a denial of a motion to dismiss de novo.State v. Stallings, 150 Ohio App.3d 5, 2002-Ohio-5942, at ¶ 6, citing State v. Benton (2000), 136 Ohio App.3d 801, 805.
 {¶ 18} Appellant argues that the city of Akron prosecutor promised that felony charges would not be brought against her in relation to the incidents that occurred on July 31, 2004. On appeal, Appellee asserts that "appellant was never promised that she would not face any felony charges; the Akron Municipal Court prosecutor only promised her that he would not pursue felony charges (by filing a complaint [in the municipal court])." Indeed, "[a] defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully." State v. Zima, 102 Ohio St.3d 61,2004-Ohio-1807, at ¶ 14.
 {¶ 19} Therefore, a defendant may not simply rely on a representation by a city prosecutor that further charges will not be brought against her; rather, the defendant "must articulate the circumstances showing why her belief was reasonable in this case." Id. In Zima, the defendant-appellant asked the Ohio Supreme Court to extend the rationale in State v. Carpenter,68 Ohio St.3d 59, 61, 1993-Ohio-226, to require the State to reserve or otherwise forfeit its right to file additional charges in any cases in which the defendant reasonably believes that the negotiated plea will "terminate the incident." Zima at ¶ 9. InCarpenter, the Ohio Supreme Court held:
"The state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea." 68 Ohio St.3d 59
at syllabus.
The Supreme Court explicitly refused to determine the breadth of the Carpenter holding, but nevertheless determined as follows:
"A defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully. Therefore, [a defendant] cannot simply rely on an implied representation that no further charges would be brought but must articulate the circumstances showing why her belief was reasonable in this case, which she has failed to do." (Internal quotation and edits omitted.) Zima at ¶ 14.
 {¶ 20} In determining whether the defendant-appellant's reliance was reasonable, the Court considered certain "qualifying factors." Id. Specifically, the Court found it significant whether both the prosecutor and the court had actual and potential jurisdiction over all of the charges, and (1) whether the negotiated guilty plea included the dismissal of all pending charges or (2) when "all of the facts underlying the greater offense [are] known at the time of the plea." Id. at ¶ 12-13. The Court stated, "In the absence of these or equivalent circumstances, however, it would be exceedingly difficult to sustain a defendant's belief that no further charges will be brought or prosecuted." Id.
 {¶ 21} In the instant case, the July 31, 2004 incident involved two victims, and the complaint filed in the municipal court only charged Appellant with assault with respect to one of the victims, Mr. Gonzales. The Chief Assistant Prosecutor for the City of Akron, Thomas DiCaudo, testified that it was his intention to "look into having it [the misdemeanor assault charge] re-signed as a felony," but that if Appellant pled guilty to the misdemeanor assault charge with a maximum sentence, that he would not pursue re-signing the charge as a felony. Mr. DiCaudo testified that he told the intern representing Appellant that if Appellant pled guilty to a misdemeanor assault, that he would not "look into" refiling the charge as a felony.
 {¶ 22} Appellant's attorney, Angela Kille, testified that she was aware that there were two victims involved. In fact, Ms. Kille had initially also represented co-defendant Jones, until Mr. DiCaudo decided to sign felonious assault charges against Jones. Ms. Kille testified that Mr. DiCaudo offered, that, if Appellant pled guilty to all three charges and received six months in jail on the assault charge, that he would not bind her over on a complicity to commit felonious assault on Mr. Scarpino. Ms. Kille further understood this offer to mean that he would not bring any felony charges against Appellant in regards to the patron of the pizza shop, Mr. Scarpino, and further that "they would not bring any further charges against her period in this case." It is evident that during her representation of Appellant, Ms. Kille was operating under a misconception of the law governing municipal court jurisdiction. Specifically, Ms. Kille testified, that, while she was aware that municipal courts only handle misdemeanor cases, she was not aware that the city prosecutor did not have jurisdiction to handle felony cases. Under this misconception, Ms. Kille informed Appellant that no felony charges would be brought against Appellant if she pled guilty to the misdemeanors and took the six-month sentence.
 {¶ 23} When asked whether they discussed whether there were further felony charges that could be brought against Appellant, Mr. DiCaudo responded:
"We never really discussed anything else. In the 16 years that I've done this it's very, very unusual that we would — that the Summit County Prosecutor's Office would initiate charges on their own, usually it's they get the case when * * * there's been felony charges and it's brought to the grand jury. So, to tell you the truth, it didn't really even cross my mind that somebody would come along and do something else with it later."
 {¶ 24} Although we sympathize with Appellant's predicament, and while the result in this case may not be reflective of the customary practice in Summit County regarding the binding over of charges, the law dictates that this Court find that Appellant's reliance on Mr. DiCaudo's statements, as related to her by Ms. Kille, and her belief that this felony charge would not be brought against her, were not reasonable. See Zima at ¶ 14. A city prosecutor can certainly pursue and sign felony charges and then transfer the case to the common pleas court for further proceedings. See, e.g., State v. Copley (1991),72 Ohio App.3d 278; State v. Overholt, 9th Dist. No. 03CA0119-M, 2004-Ohio-4969; State v. Reed, 7th Dist. No. 04 MA 236,2005-Ohio-2925. See, also, Crim.R 5(B)(4); R.C. 1901.34(A) (C). However, a municipal court does not have jurisdiction over felony offenses, see R.C. 1901.20(B), and a city prosecutor does not have the authority to handle the final disposition of felony cases. Mr. DiCaudo's testimony indicates that he never had discussions with the county prosecutor regarding the bringing of felony charges in this case.
 {¶ 25} Unfortunately, based upon the foregoing, we are compelled to find that the trial court did not err when it found that Appellant's reliance was not reasonable and denied the motion on this basis. Appellant's second assignment of error is overruled.
 III. {¶ 26} Appellant's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas that denied Appellant's motion to dismiss based on selective or discriminatory prosecution is affirmed. The judgment of the Summit County Court of Common Pleas that denied Appellant's motion to dismiss/compel specific performance is also affirmed. Accordingly, Appellant's conviction in the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. concurs.
[1] Although the complaint with these charges is not part of the record on appeal, we have gleaned these facts from other portions of the record.
[2] Under the Ohio Supreme Court Rules for the Government of the Bar, a legal intern may practice law in a limited capacity. This work may include representation in misdemeanor cases with the public defender's office. Gov.Bar.R. 2, Sec. 5(B).