THE STATE OF OHIO, APPELLEE, *v.* ZIMA, APPELLANT.

[Cite as *State v. Zima,* 102 Ohio St.3d 61, 2004-Ohio-1807.]

62

(No. 2003–0090—Submitted December 3, 2003—Decided April 28, 2004.)

**ALICE ROBIE RESNICK, J.**

{¶ 1} The facts of this case are undisputed. The parties agree that on July 3, 2001, defendant-appellant, Karen Zima, operated her motor vehicle left of center on Broadview Road in Cleveland and collided with an oncoming motorcycle driven by Gary Schlairet. On July 6, 2001, the city of Cleveland filed a complaint in the Cleveland Municipal Court charging Zima with driving under the influence in violation of Cleveland Codified Ordinances 433.01(a)(1), driving under suspension, failure to yield, and failure to wear a seatbelt. On August 23, 2001, a Cuyahoga County Grand Jury returned a three-count indictment against Zima, charging her with aggravated vehicular assault in violation of R.C. 2903.08 on the basis that she was driving under the influence, aggravated vehicular assault in violation of R.C. 2903.08 on the basis that she was driving recklessly, and driving under the influence in violation of R.C. 4511.19.

{¶ 2} On August 27, 2001, after plea negotiations with the city, Zima entered a no-contest plea in municipal court to the charge of driving under the influence, for which she was found guilty. As part of the plea agreement, the city nolled the three remaining municipal charges. It is undisputed that Zima was not aware of the indictment at the time of her plea.

{¶ 3} After her sentencing in municipal court, Zima moved to dismiss the state charges in common pleas court on grounds of double jeopardy. On December 28, 2001, the Cuyahoga County Court of Common Pleas granted Zima's motion to dismiss, finding that pursuant to *State v. Best* (1975), 42 Ohio St.2d 530, 71 O.O.2d 517, 330 N.E.2d 421, and *State v. Carpenter* (1993), 68 Ohio St.3d 59, 623 N.E.2d 66, "double jeopardy attached" to bar the "additional felony charges."

{¶ 4} In a split decision in which all three judges filed separate opinions, the court of appeals held that the trial court erred in dismissing the aggravated

vehicular assault charges but properly dismissed the charge of driving under the influence of alcohol.[1]

{¶ 5} The cause is now before this court pursuant to the acceptance of a discretionary appeal.

{¶ 6} The general issue presented for our review is whether appellee, the state of Ohio, is barred from prosecuting Zima for the offense of aggravated vehicular assault under R.C. 2903.08 following her conviction in municipal court for driving under the influence.

I

Applicability of *State v. Carpenter*

{¶ 7} In *Carpenter*, this court held:

{¶ 8} "The state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea." Id., 68 Ohio St.3d 59, 623 N.E.2d 66, syllabus.

{¶ 9} The essence of this holding is to require the state "to reserve its right to file additional charges based upon the contingency of the death of the alleged victim." Id. at 61, 623 N.E.2d 66. Zima argues, however, that *Carpenter*'s rationale is broader than its holding. According to Zima, the state should be required either to reserve or forfeit its right to file additional charges in all cases where the defendant reasonably believes that his or her negotiated guilty plea will terminate the incident, including those in which "all of the facts underlying the greater offense [are] known at the time of the plea."

{¶ 10} We find it unnecessary to determine whether *Carpenter* should be applied so expansively, and so expressly decline to resolve that issue. Even if *Carpenter*'s analysis were held to apply across-the-board to all negotiated guilty pleas, it would still be of no benefit to Zima under the circumstances of this case.

{¶ 11} The holding in *Carpenter* is essentially a synthesis of contract and criminal law in a particular factual setting. Its supporting analysis is ultimately derived from the proposition that plea agreements are a necessary and desirable part of the administration of criminal justice and, therefore, " 'must be attended by safeguards to insure the defendant what is reasonably due in the circum-

---

1. The state does not challenge the ruling on the third count of the indictment, conceding that "Cleveland Codified Ordinance 433.01 and ORC 4511.19 mirror one another in their provisions against Driving Under the Influence" and, therefore, that "count three of Appellant's indictment, Driving Under the Influence, in violation of Ohio Revised Code section 4511.19, is in fact the same charge that she previously pled no contest [to] on August 27, 2001, in Cleveland Municipal Court."

stances.'" Id., 68 Ohio St.3d at 61, 623 N.E.2d 66, quoting *Santobello v. New York* (1971), 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427. The court in *Carpenter* found that under the circumstances of that case, the defendant reasonably "anticipated that by pleading guilty to attempted felonious assault, and giving up rights which may have resulted in his acquittal, he was terminating the incident and could not be called on to account further on any charges regarding this incident." Id. at 61–62, 623 N.E.2d 66. In order to enforce this expectation, the court found it necessary to recognize what is basically an implied promise on the part of the state not to prosecute the defendant for any further offenses that may arise out of the same incident. In so doing, the court followed *State v. Thomas* (1972), 61 N.J. 314, 294 A.2d 57, where the New Jersey Supreme Court directed the dismissal of an indictment for murder that was filed after the defendant had pled guilty to one of three lesser charges and the victim subsequently died.

{¶ 12} Critically, in both *Carpenter* and *Thomas,* the defendant's expectation that his guilty plea would terminate the incident was inherently justified because the prosecutor and the court had jurisdiction over all the charges, both actual and potential, and because the negotiated guilty plea included the dismissal of all pending charges. In the absence of these or equivalent circumstances, however, it would be exceedingly difficult to sustain a defendant's belief that no further charges will be brought or prosecuted.

{¶ 13} The same inquiry into the reasonableness of the defendant's expectation would also be required in cases where, in Zima's phrase, "all of the facts underlying the greater offense [are] known at the time of the plea." In *State v. Lordan* (1976), 116 N.H. 479, 363 A.2d 201, for example, the Supreme Court of New Hampshire applied *Thomas* to dismiss indictments that were based on offenses to which the defendant had already pled guilty and that were known to the prosecutor and chargeable at the time of the defendant's original negotiated plea. Yet, the court carefully held that the state must give notice of its intent to pursue additional charges when "the prosecutor has knowledge of and jurisdiction over all [the] offenses and the defendant disposes of all charges then pending by a guilty plea to one or more of the charges." Id., 116 N.H. at 482, 363 A.2d 201.

{¶ 14} These qualifying factors are absent in the present case. When Zima entered her plea in municipal court on August 27, 2001, she had already been indicted for aggravated vehicular assault. Neither the municipal court nor the city prosecutor had the authority to dismiss those pending felony charges. See R.C. 1901.20. Although Zima may not have been aware of the indictment at the time of her plea, we agree with the observation of one of the judges on the appellate panel that "[a] defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter

fully. Therefore, Zima cannot simply rely on an implied representation that no further charges would be brought but must articulate the circumstances showing why her belief was reasonable in this case, which she has failed to do." 2002-Ohio-6327, 2002 WL 31618556, ¶ 44 (Kilbane, J., concurring in part and dissenting in part).

{¶ 15} Accordingly, we affirm the judgment of the court of appeals insofar as it bears on this issue.

## II

### Double Jeopardy

{¶ 16} The Fifth Amendment to the United States Constitution provides that "[n]o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb." Similarly, Section 10, Article I, Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense."

{¶ 17} In *Best*, supra, 42 Ohio St.2d at 533, 71 O.O.2d 517, 330 N.E.2d 421, the court explained that "the fact that the indictment was brought in the name of the state of Ohio, and the other * * * charges in the name of the city * * *, does not affect the claim of double jeopardy. * * * [T]he state and the city are parts of a single sovereignty, and double jeopardy stands as a bar to a prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other."

{¶ 18} In determining whether an accused is being successively prosecuted for the "same offense," the court in *Best* adopted the so-called "same elements" test articulated in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, and held:

{¶ 19} "The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Best* at paragraph three of the syllabus.

{¶ 20} In *State v. Thomas* (1980), 61 Ohio St.2d 254, 259, 15 O.O.3d 262, 400 N.E.2d 897, overruled on other grounds in *State v. Crago* (1990), 53 Ohio St.3d 243, 559 N.E.2d 1353, syllabus, the court explained, "This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case." Thus, as summarized in *United States v. Dixon* (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556, the *Blockburger* test "inquires whether each

offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution."

{¶ 21} In the instant case, Zima was convicted of violating Cleveland Codified Ordinances 433.01(a)(1), which provides:

{¶ 22} "(a) No person shall operate any vehicle * * * within this City, if * * * any of the following apply:

{¶ 23} "(1) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶ 24} A violation of this ordinance would necessarily constitute a violation of R.C. 4511.19(A)(1), which provides:

{¶ 25} "(A) No person shall operate any vehicle * * * within this state, if at the time of the operation, any of the following apply:

{¶ 26} "(1) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶ 27} The state now seeks to further prosecute Zima for aggravated vehicular assault in violation of R.C. 2903.08, which provides:

{¶ 28} "(A) No person, while operating or participating in the operation of a motor vehicle, * * * shall cause serious physical harm to another person * * * in either of the following ways:

{¶ 29} "(1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;

{¶ 30} "* * *

{¶ 31} "(2) Recklessly."

{¶ 32} The trial court determined that successive prosecutions for driving under the influence and aggravated vehicular assault are barred because the offense of driving under the influence "is one of the elements" of aggravated vehicular assault. However, the offense of driving under the influence is one of two *alternative* elements of aggravated vehicular assault, the other being reckless operation. Thus, the court of appeals correctly concluded that the state is not required to prove aggravated vehicular assault under R.C. 2903.08(A)(1) but may prove that offense under R.C. 2903.08(A)(2), which does not require proof of driving under the influence.

{¶ 33} Moreover, under the *Blockburger* test, the offense of driving under the influence in violation of R.C. 4511.19(A)(1) or Cleveland Codified Ordinances 433.01(a)(1) is not the same offense as aggravated vehicular assault under R.C. 2903.08(A)(2) for purposes of double jeopardy. A conviction for aggravated

vehicular assault under R.C. 2903.08(A)(2) requires proof of serious physical harm; a conviction for driving under the influence does not. Similarly, the state and municipal provisions proscribing driving under the influence require proof that a person is under the influence of alcohol or a drug of abuse, which R.C. 2903.08(A)(2) does not. As succinctly stated by the court in *State v. Hyman* (Sept. 28, 1993), 10th Dist. No. 93AP–530, 1993 WL 387267, "Recklessness can occur without alcohol or drug involvement, and operating a motor vehicle while [under the influence] can occur without resulting physical injury."

{¶ 34} Zima argues that in this case, however, "the state [will] have to prove that [she] was reckless by driving under the influence and failing to yield the right of way." She then asserts that further prosecution under Count 2 of the indictment is barred, "as [she] has [already] been placed in jeopardy for each of the constituent elements needed to prove Count Two."

{¶ 35} We find Zima's assertions to be unsupported. *Blockburger* requires a comparison of elements, not evidence. R.C. 2903.08(A)(2) does not make driving under the influence and failure to yield necessary elements of recklessly causing serious physical harm. Indeed, the statute lists driving under the influence and recklessness as distinct predicate offenses. In reality, Zima is proposing that even though her subsequent prosecution for aggravated vehicular assault under R.C. 2903.08(A)(2) would pass the *Blockburger* test, that prosecution is nevertheless barred because the state will prove conduct that constitutes an offense for which she has already been prosecuted. This, however, is in substance a feature of the now-defunct "same conduct" test, which was adopted by the high court in *Grady v. Corbin* (1990), 495 U.S. 508, 510, 110 S.Ct. 2084, 109 L.Ed.2d 548, but then overruled in *Dixon,* supra, 509 U.S. at 711–712, 113 S.Ct. 2849, 125 L.Ed.2d 556.

{¶ 36} In any event, there is nothing in the record to indicate that the state will have to rely on the components of the lesser offenses that were charged in the municipal proceedings in order to prove recklessness.[2] Even under an evidentiary or conduct-related analysis, the mere possibility that the state may seek to rely on the ingredients of these lesser offenses to prove recklessness under R.C. 2903.08(A)(2) is not sufficient to bar the latter prosecution. See *Illinois v. Vitale*

---

2. The state maintains that it will be able to demonstrate recklessness in this instance "by evidence that [Zima] was weaving across the double yellow line of traffic, that she was speeding, that she did not use her turn signal, that she improperly judged the allotted time to turn in front of the victim's motorcycle, that she was not paying full time and attention to other motorists on the roadway, that she failed to react when the accident was still avoidable, that she actually hit the victim on the motorcycle *head on* and with such force that the victim flew off his motorcycle and landed on the other side of the intersection, etc." (Emphasis sic.)

(1980), 447 U.S. 410, 419–420, 100 S.Ct. 2260, 65 L.Ed.2d 228. See, also, *Dixon,* 509 U.S. at 707, 113 S.Ct. 2849, 125 L.Ed.2d 556 (limiting *Vitale*).

{¶ 37} We hold that principles of double jeopardy do not apply to bar successive prosecutions for the offense of driving under the influence in violation of R.C. 4511.19(A) (or a substantially equivalent municipal ordinance) and the offense of aggravated vehicular assault under R.C. 2903.08(A)(2).

{¶ 38} Accordingly, we affirm the judgment of the court of appeals insofar as it permits the state to prosecute Zima for the offense of aggravated vehicular assault as proscribed under R.C. 2903.08(A)(2) and charged in the second count of the indictment.

{¶ 39} The lead opinion of the court of appeals did not specifically address the issue of whether the state may prove aggravated vehicular assault under R.C. 2903.08(A)(1), which proscribes seriously injuring another as a proximate result of driving under the influence. It does hold, however, that both counts of aggravated vehicular assault under the indictment survive the *Blockburger* test because "[a]ggravated vehicular assault may also be shown by proving reckless behavior." 2002-Ohio-6327, 2002 WL 31618556, ¶ 35. This suggests that the state could choose to prove aggravated vehicular assault by relying on the elements under division (A)(1), despite Zima's prior conviction for driving under the influence. The unstated but essential rationale for this holding is that R.C. 2903.08(A)(1) and (2) should be viewed merely as constituent parts of a single offense, rather than as two different species of aggravated vehicular assault. Under this view, the predicate offense driving under the influence escapes the tag of "lesser included offense" even under division (A)(1) because the statute incorporates recklessness as an alternative. We disagree.

{¶ 40} In *Whalen v. United States* (1980), 445 U.S. 684, 694, 100 S.Ct. 1432, 63 L.Ed.2d 715, the Supreme Court rejected this approach and determined that when the *Blockburger* test is applied to a statute containing alternative elements, each statutory alternative should be construed as constituting a separate offense and analyzed accordingly. See, also, *Pandelli v. United States* (C.A.6, 1980), 635 F.2d 533, 537 ("The theory behind the [*Whalen*] analysis is that a criminal statute written in the alternative creates a separate offense for each alternative and should therefore be treated for double jeopardy purposes as separate statutes would").[3]

---

3. Prior to *Whalen,* this court had already taken a similar approach in applying *Blockburger* to alternative-element statutes in the context of successive prosecutions. See *Best,* supra, 42 Ohio St.2d at 535–536, 71 O.O.2d 517, 330 N.E.2d 421. Later, the court rejected *Whalen*'s treatment of alternative-element statutes in the context of determining whether two crimes constitute "allied offenses of similar import" for purposes of cumulative punishments under R.C. 2941.25. *State v. Rance* (1999), 85 Ohio St.3d 632, 636–637, 710 N.E.2d 699. However, *Rance* did "not involve the

{¶ 41} Applying this analysis, it is clear that driving under the influence is necessarily a lesser included offense of aggravated vehicular assault under R.C. 2903.08(A)(1), which proscribes causing serious physical harm to another as a proximate result of driving under the influence. By definition, a lesser included offense contains no element of proof beyond that required for the greater offense. Thus, *Blockburger* applies to bar successive prosecutions for greater and lesser included offenses whatever the order of trials. See *Brown v. Ohio* (1977), 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187.

{¶ 42} Accordingly, the state is limited to proving aggravated vehicular assault under R.C. 2903.08(A)(2), and the judgment of the court of appeals is reversed as to the first count of the indictment.

{¶ 43} Based on all of the foregoing, the judgment of the court of appeals is affirmed in part and reversed in part.

Judgment affirmed in part<br>and reversed in part.

MOYER, C.J., F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and YOUNG, JJ., concur.

PFEIFER, J., concurs in judgment only.

FREDERICK N. YOUNG, J., of the Second Appellate District, sitting for O'DONNELL, J.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew T. Norman, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Paul Kuzmins, Assistant Public Defender, for appellant.

---

successive-prosecution branch of the Double Jeopardy Clause." Id. at 634, 710 N.E.2d 699. Since the present case involves only the issue of successive prosecutions, it is not controlled by R.C. 2941.25 or *Rance*. In any event, the court in *Rance* was able to reject *Whalen* because a state legislature "may prescribe the imposition of cumulative punishments for crimes that constitute the same offense under *Blockburger* without violating the federal protection against double jeopardy * * *." *Rance* at 635, 710 N.E.2d 699. We have found no corresponding authority for rejecting *Blockburger* and its progeny in the context of successive prosecutions.