DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Wood County Court of Common Pleas, which entered a judgment finding appellant Tenille Schrier guilty of the offense of theft under R.C. 2913.02, a felony of the fifth degree. For the following reasons, we affirm the trial court's judgment
 {¶ 2} On January 14, 2004, appellant obtained control over a Mastercard credit card owned by Carlene Studyvin without Studyvin's consent in Studyvin's Lake Township home. Appellant subsequently used the credit card to purchase milk and cigarettes at a store about a mile away in the city of Northwood.
 {¶ 3} Appellant's initial court appearance for charges stemming from this incident was in February 2004, in Perrysburg Municipal Court. Defense counsel J. Scott Hicks represented appellant at this preliminary hearing. The charge was bound over to the Wood County Court of Common Pleas. On April 1, 2004, appellant was indicted by a Wood County Grand Jury on a theft charge in violation of R.C. 2913.02. On April 19, 2004, defense counsel J. Scott Hicks entered his appearance in this common pleas court case.
 {¶ 4} Subsequently, on May 6, 2004, appellant appeared in Northwood Mayor's Court and pled no contest to a charge of misuse of a credit card in violation of Northwood City Ordinance 642.15, a misdemeanor of the first degree, based on her purchase at the store. Appellant was fined $104 which included restitution for the store purchase. Appellant was not represented by any defense counsel at this hearing.
 {¶ 5} At the August 17, 2004 bench trial in this common pleas case on the theft charge, appellant's defense counsel made arguments relative to application of R.C. 2941.25 double jeopardy based on appellant's prior no contest plea to misuse of a credit card in Northwood Mayor's Court. After taking the matter under advisement for approximately one hour, the trial court entered its guilty finding on the theft charge.
 {¶ 6} In her single assignment of error, appellant asserts:
 {¶ 7} "Defendant-appellant was convicted of allied offenses of similar import, and as such, her second conviction is contrary to law and should be reversed."
 {¶ 8} The basis for appellant's assignment of error as argued by the parties lies in the language of R.C. 2941.25 which provides:
 {¶ 9} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 10} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 11} The parties cite R.C. 2941.25 and State v. Rance,85 Ohio St.3d 632, 636, 1999-Ohio-291, for the applicable test for determining whether certain offenses are allied offenses of similar import. However, we find both R.C. 2941.25 and Rance
inapplicable to the present case which involves successive prosecutions in separate trials rather than cumulative punishments in a single trial.
 {¶ 12} "The double jeopardy protections afforded by the federal and state constitutions guard citizens against both successive prosecutions and cumulative punishments for the `same offense.'" Rance at 634 citing State v. Moss (1982),69 Ohio St.2d 515, 518. "However, Rance did `not involve the successive-prosecution branch of the Double Jeopardy Clause.'"State v. Zima, 102 Ohio St.3d 61, 2004-Ohio-1807 at fn. 3 quoting Rance at 634. Instead, Rance objected to the cumulative punishments imposed in a single trial. Rance at 634. When a case involves only the issue of successive prosecutions, it is not controlled by R.C. 2941.25 or Rance. Zima at fn. 3. Instead, Blockburger v. United States (1932), 284 U.S. 299 and its progeny apply. Id.
 {¶ 13} In Blockburger, the United States Supreme Court stated that the applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. Id. at 304. InZima, the Supreme Court of Ohio held that in accordance withWhalen v. United States (1980), 445 U.S. 684, when the foregoing "same elements" test articulated in Blockburger is applied to a statute containing alternative elements, each statutory alternative should be construed as constituting a separate offense and analyzed accordingly. Zima at ¶ 40.
 {¶ 14} In Zima, the appellant entered a no-contest plea in Cleveland Municipal Court to the charge of driving under the influence in violation of a Cleveland Codified Ordinance that mirrors R.C. 4511.19. Appellant then moved to dismiss a state aggravated vehicular assault charge in the Cuyahoga Court of Common Pleas on grounds of double jeopardy. The court applied theWhalen alternative element analysis to the offenses of driving under the influence and aggravated vehicular assault under R.C.2903.08(A)(1). The court observed that driving under the influence is necessarily a lesser included offense of aggravated vehicular assault under R.C. 2903.08(A)(1), which proscribes causing serious physical harm to another as a proximate result of driving under the influence. The court further noted that that by definition, a lesser included offense contains no element of proof beyond that required for the greater offense. The court concluded that Blockburger applied to bar successive prosecutions for the greater offense of aggravated vehicular assault and the lesser included offense of driving under the influence, whatever the order of the trials. Id. at ¶ 41. Therefore, the court reversed the conviction for aggravated vehicular assault. Id. at ¶ 42.
 {¶ 15} Zima's discussion of a "lesser included offense" necessitates an analysis of the Ohio Supreme Court's earlier pronounced standard for deciding what constitutes a lesser included offense. In State v. Deem (1988), 40 Ohio St.3d 205, the court found that:
 {¶ 16} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than theother; (ii) the greater offense cannot, as statutorily defined,ever be committed without the lesser offense, as statutorilydefined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." Id. at paragraph three of syllabus. (Emphasis added.)
 {¶ 17} In the present case, appellant was convicted of misuse of a credit card, in violation of Northwood City Ordinance 642.15 which mirrors R.C. 2913.21, and is a misdemeanor of the first degree. Appellant was also convicted of theft, in violation of R.C. 2913.02, which is a felony of the fifth degree because it was the theft of a credit card. R.C. 2913.02(B)(2); R.C.2913.71(A). Theft of a credit card as a "lesser included offense" fails under the first prong of Deem. Theft of the credit card, a felony of the fifth degree, carries a greater penalty than misuse, a misdemeanor of the first degree. Assuming arguendo, that because of its lesser penalty, we analyze misuse of a credit card as the "lesser included offense" of theft, we need to examine the elements of each of these offenses under the second prong of Deem. Northwood City Ordinance 642.15 provides:
 {¶ 18} "(a) No person shall do any of the following:
 {¶ 19} "(1) Practice deception for the purpose of procuring the issuance of a credit card, when a credit card is issued in actual reliance thereon;
 {¶ 20} "(2) Knowingly buy or sell a credit card from or to a person other than the issuer.
 {¶ 21} "(b) No person, with purpose to defraud, shall do any of the following:
 {¶ 22} "(1) Obtain control over a credit card as security for a debt;
 {¶ 23} "(2) Obtain property or services by the use of a credit card, in one or more transactions, knowing or having reasonable cause to believe that the card has expired or been revoked, or was obtained, is retained, or is being used in violation of law;
 {¶ 24} "(3) Furnish property or services upon presentation of a credit card, knowing that the card is being used in violation of law;
 {¶ 25} "(4) Represent or cause to be represented to the issuer of a credit card that property or services have been furnished, knowing that the representation is false.
 {¶ 26} "(c) No person, with purpose to violate this section, shall receive, possess, control, or dispose of a credit card.
 {¶ 27} "(d) Whoever violates this section is guilty of misuse of credit cards."
 {¶ 28} R.C. 2913.02, the theft statute provides:
 {¶ 29} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 30} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 31} "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
 {¶ 32} "(3) By deception;
 {¶ 33} "(4) By threat;
 {¶ 34} "(5) By intimidation.
 {¶ 35} "(B)(1) Whoever violates this section is guilty of theft."
 {¶ 36} We find that, misuse of a credit card as a "lesser included offense" fails under the second prong of Deem. Theft of a credit card can be committed without misuse also being committed. As appellee argued, if appellant had only obtained unauthorized control over the credit card and had not gone a step further and used it to obtain goods, she would have committed theft only. After applying the Deem test, we find that, in contrast to the offenses examined in Zima, misuse of a credit card cannot be considered a lesser included offense of theft of a credit card. Likewise, theft of a credit card cannot be considered a lesser included offense of misuse of a credit card. Double jeopardy does not apply to bar appellant's successive prosecutions for misuse of a credit card and theft of that credit card. Appellant's assignment of error is not well-taken.
 {¶ 37} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J. concur.