DECISION AND JUDGMENT ENTRY
{¶ 1} Cory Norris ("Appellant") appeals his conviction for escape in violation of R.C. 2921.34. He contends the trial court erred when it denied his motion to dismiss the charge on the grounds of double jeopardy. Because we find that the sentence imposed for the charge of escape functions as a punishment for a different crime than the sentence imposed for the original charges, possession of cocaine and tampering with evidence, we affirm the judgment of the trial court. *Page 2 
 I. Facts. {¶ 2} The Appellant was originally charged with possession of cocaine in violation of R.C. 2925.11, a second degree felony, and tampering with evidence, a third degree felony. He appeared before the trial court on July 26, 2006, and entered guilty pleas to both charges. At that time, the trial court furloughed the Appellant from the Ross County Jail and ordered him to report back the following day for sentencing.
 {¶ 3} Thereafter, the Appellant violated the terms of his furlough and failed to appear for his disposition. As a result, the trial court issued a warrant for his arrest. The bench warrant was returned and the trial court subsequently conducted a sentencing hearing on September 28, 2006. A record of the hearing reveals that the State ("Appellee") originally agreed to a plea negotiation in which it would recommend a two-year net sentence. The record also reveals that the trial court had expressly referenced its prior warning to the Appellant that if he did not appear as promised following his furlough, the court would not feel constrained by any prior plea negotiations when it sentenced him. In accordance with this warning, the trial court disregarded the plea negotiation when sentencing him and sentenced him to a mandatory term of five years in prison for possession of cocaine, with an *Page 3 
additional concurrent sentence of two years for the offense of tampering with evidence.
 {¶ 4} Subsequently, the Ross County Grand Jury returned an indictment in the instant case charging the Appellant with escape in violation of R.C. 2921.34 based upon his violation of the lower court's furlough order. The Appellant entered a plea of not guilty to the escape charge. Thereafter, the Appellant filed a motion to dismiss the escape charge on double jeopardy grounds. The trial court denied the Appellant's motion. The Appellant then changed his plea to no contest, and the trial court sentenced him to two years in prison. The Appellant now appeals the trial court's sentence on the charge of escape, asserting the following assignment of error:
 {¶ 5} 1. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO DISMISS ON THE GROUNDS OF DOUBLE JEOPARDY.
 II. Analysis. {¶ 6} In his sole assignment of error, the Appellant contends that the trial court erred when it denied his motion to dismiss the charge of escape on the grounds of double jeopardy. The double jeopardy clause prohibits successive punishment for the same offense. It states: "* * * [no] person [shall] be subject for the same offense to be twice put in jeopardy of life or limb[.]" The applicable rule under the Fifth Amendment is that *Page 4 
 "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."
State v. Zima, 102 Ohio St.3d 61, 65, 806 N.E.2d 542, 2004-Ohio-1807
at ¶ 19, quoting State v. Best (1975), 42 Ohio St.2d 530, 330 N.E.2d 421, syllabus ¶ 3, and citing Blockburger v. United States (1932),284 U.S. 299, 304, 52 S.Ct. 180, 76 L. Ed. 306.
 {¶ 7} The Appellant argues that he was punished twice, in violation of the prohibition against double jeopardy, for his failure to return from the furlough granted by the trial court. First, he claims, he was punished by way of the imposition of a five-year sentence for his possession of cocaine charge, rather than the two-year sentence supported by his plea negotiation. Second, he claims he was punished when the trial court imposed a two-year sentence for his escape charge. We find the Appellant's logic to be faulty.
 {¶ 8} When the trial court sentenced the Appellant on the possession of cocaine and tampering with evidence charges, it sentenced him to a term within the statutory range, five years. Although his plea negotiations rendered a two-year sentence, the trial court was not bound by those negotiations when ultimately deciding upon a sentence. In fact, as set forth *Page 5 
supra, the trial court advised Appellant that if he did not appear as promised following his furlough, it would not feel constrained by any prior plea negotiations when it sentenced him. When it sentenced him, it did so based upon the conduct giving rise to the underlying charges, possession of cocaine and tampering with evidence. The trial court punished him on a later date, March 1, 2007, for his failure to return from the furlough, when it sentenced him to two years in prison for escape. Thus, he was not punished successively on the same offense.
 {¶ 9} Because the Appellant was not, as he contends, punished successively for the same offense, we find no double jeopardy violation in the case sub judice. Accordingly, we overrule his sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and Kline, J.: Concur in Judgment and Opinion.
 *Page 1