[Cite as *State v. Mullins*, 2013-Ohio-1826.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 CA 17 |
| CLARENCE E. MULLINS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
Pleas, Case No. 11 CR 489


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        May 1, 2013


APPEARANCES:

For Plaintiff-Appellee

GREGG MARX
PROSECUTING ATTORNEY
JOCELYN S. KELLY
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

THOMAS R. ELWING
60 West Columbus Street
Pickerington, Ohio 43147

*Wise, J.*

{¶1} Appellant Clarence E. Mullins appeals his conviction on one count of breaking and entering, subsequent to his plea of no contest, in the Court of Common Pleas, Fairfield County. The relevant facts leading to this appeal are as follows.

{¶2} On July 25, 2011, appellant twice went to a fenced-in area of a Sam's Club store in Fairfield County with an accomplice and removed used automotive batteries belonging to the store. The first incident took place before noon on that date; the second incident took place at about 11:00 PM that night. Shortly after the first incident, appellant and his accomplice thereupon took some of the batteries to a scrap yard in Franklin County, Ohio, and sold them.

{¶3} The matter was investigated by Reynoldsburg Police Officer William Early. As a result of his investigation, Officer Early filed a criminal complaint in the Franklin County Municipal Court against appellant for receiving stolen property on September 4, 2011, which states as follows in pertinent part:

{¶4} "Complainant, being duly sworn, states that the above named defendant, at Franklin County/ Columbus, Ohio, on or about the 25th day of July, 2011 did: receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense, to-wit, the defendant sold 865 lbs. of used car batteries to PCS Metals that were stolen from Sam's Club."

{¶5} See Defendant's Exhibit A.

{¶6} On October 11, 2011, appellant, with the assistance of a public defender, entered a guilty plea to a second-degree misdemeanor charge of attempted receiving

stolen property in the Franklin County Municipal Court in Columbus, Ohio, based on the aforesaid events of July 25, 2011. A Franklin County municipal judge thereupon sentenced appellant to ninety days in jail, with seventy-nine days suspended and community control of two years.

**{¶7}** On October 28, 2011, the Fairfield County Grand Jury indicted appellant on one count of breaking and entering, a felony of the fifth degree. The indictment was based on events at the Reynoldsburg Sam's Club on July 25, 2011. On November 4, 2011, appellant filed a motion to dismiss said Fairfield County felony charge, arguing that the State's pursuit of the charge violated his right to be free from double jeopardy. Appellant testified at the hearing on the motion to dismiss, explaining what had occurred when he appeared in Franklin County Municipal Court on October 11, 2011 on the receiving stolen property charge: "Well, when I went to court, they told me if I pled guilty to receiving stolen property, that we could get it all tooken [sic] care of, so I did. Then I done jail time and I took two years probation." Tr., Motion to Dismiss Hearing. December 5, 2011, at 39.

**{¶8}** After a hearing and review of post-hearing briefs, the trial court overruled appellant's motion to dismiss. On February 28, 2012, appellant appeared with counsel and entered a plea of no contest to breaking and entering. Via a judgment entry filed on March 1, 2012, the trial court sentenced appellant to nine months in prison, suspended, with five years of community control.

**{¶9}** On March 30, 2012, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶10} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE INDICTMENT."

I.

{¶11} In his sole Assignment of Error, appellant contends the trial court erred in overruling his motion to dismiss the breaking and entering indictment, which motion was premised on his claim of a double jeopardy violation. We disagree.

*Successive Prosecution*

{¶12} Appellant first contends his prosecution in Fairfield County on the charge of breaking and entering violated his protections from double jeopardy, specifically concerning successive prosecutions, under the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. These clauses "*** protect a defendant from successive prosecutions and multiple punishments for the same offense." *State v. Kelly*, Columbiana App.No. 08 CO 23, 2009-Ohio-1509, ¶ 18, (additional citations omitted). "[T]he successive prosecution branch of the Double Jeopardy Clause prohibits the state from trying a defendant for a greater offense after a conviction of a lesser included offense and from twice trying a defendant for the same offense." *State v. Morton*, Montgomery App.No. 20358, 2005-Ohio-308, ¶ 8 (internal quotations and additional citations omitted). In comparison, "[u]nder the 'cumulative punishment' prong, double jeopardy protections do 'no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *State v. Coe*, Stark App.No. 2009 CA 00050, 2010-Ohio-1840, ¶ 109, quoting *Missouri v. Hunter* (1983), 459 U.S. 359, 366, 103 S.Ct. 673.

{¶13} A de novo standard applies when an appellate court reviews the denial of a motion to dismiss an indictment on the grounds of double jeopardy. *See State v. Betts*, Cuyahoga App.No. 88607, 2007-Ohio-5533, ¶ 20, citing *In re Ford* (C.A. 6, 1992), 987 F.2d 334, 339.

{¶14} Appellant first challenges the trial court's reliance on the case of *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, in which the United States Supreme Court set forth its test for determining double jeopardy claims as follows: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Appellant maintains that *Blockburger* addresses the "multiple punishment" prong of double jeopardy, i.e., multiple offenses charged in single prosecution, not "successive prosecutions" as presented in the circumstances of the case sub judice. However, in *State v. Tolbert*, (1991) 60 Ohio St.3d 89, 573 N.E.2d 617, the Ohio Supreme Court clearly held: "To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment, a court must first apply the *Blockburger* test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred." *Id.* at para. 1 of the syllabus. *See*, *also*, *Univ. of Cincinnati v. Tuttle*, Hamilton App.No. C–080357, 2009-Ohio-4493, ¶ 12: ("Because this case concerns only the issue of successive prosecution, it is not controlled by R.C. 2941.25 or *State v. Cabrales.* Rather, we must employ the test outlined in *Blockburger v. United States* and its progeny.")

{¶15} In the case sub judice, it is undisputed that Officer Early, who had filed the misdemeanor complaint against appellant in Franklin County, also assisted the Fairfield County Prosecutor in obtaining the aforesaid indictment. At the hearing on December 5, 2011 in the Fairfield County Court of Common Pleas on appellant's motion to dismiss the indictment, Officer Early testified that the Franklin County charge of attempted receiving stolen property stemmed from the stolen batteries "from the first incident," i.e., the daytime break-in at Sam's Club on July 25, 2011, rather than the break-in later that night. See Tr., Motion to Dismiss Hearing, at 30. Early explained: "If [appellant and his accomplice] would have sold batteries out of there or some place else, it would have appeared the next day, the next business day." Tr. at 31. The batch of batteries from the daytime break-in thus became the basis for the selling of the "865 lbs. of used car batteries to PCS Metals" referenced in the Franklin County charge. See Tr. at 30-31.

{¶16} Early was also specifically asked what he conveyed to the Fairfield County Grand Jury as the basis for the felony breaking and entering charge in Fairfield County, to which he responded:

{¶17} "* * * What I introduced to them was essentially the investigation that I've explained this morning, and then, obviously, the fact that I was -- after filing the receiving stolen property warrant, I was able to interview Mr. Mullins and he, in fact, told me that yeah, he had, at least for the earlier incident, had been there, had stolen the batteries, and then gone and sold them at PCS Metals.

{¶18} "So the only thing that really changed between the filing of the receiving stolen property affidavit in Franklin County and the testimony at Grand Jury here was

the fact that he admitted to me yeah, that he broke into the -- or entered there, however you want to word it, and then took the batteries."

**{¶19}** Tr. at 35-36.

**{¶20}** The Fairfield County Grand Jury's indictment of October 28, 2011, which charged appellant with one count of breaking and entering at the Reynoldsburg Sam's Club store, was issued a little more than two weeks after appellant's plea and sentence in Franklin County. The indictment states in pertinent part:

**{¶21}** "On or about the 25th day of July, 2011 at the County of Fairfield, State of Ohio aforesaid, CLARENCE E. MULLINS unlawfully, did, by stealth or deception, trespass in an unoccupied structure, to-wit: an attached enclosed storage unit located at Reynoldsburg Sam's Club, with purpose to commit therein, a theft offense, as defined in §2913.01 of the Ohio Revised Code, or any felony, in violation of §2911.13(A) of the Ohio Revised Code."

**{¶22}** In comparison, appellant's Franklin County attempted receiving stolen property charge was based on R.C. 2913.51(A), which states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

**{¶23}** In comparing the offenses under *Blockburger*, we find that the offense of breaking and entering requires proof that the defendant trespassed in an unoccupied structure, while the offense of receiving stolen property does not. Furthermore, the offense of receiving stolen property requires proof that the property "received, retained, or disposed of" by the defendant belonged to another, while breaking and entering does not require proof of taking action with someone else's property, or even that the

defendant actually completed a theft offense. Applying the *Blockburger* "same elements" test, we hold appellant was not successively prosecuted for the same offense in violation of the Double Jeopardy Clause.

{¶24} Finally, appellant's reliance on *Rashad v. Burt* (C.A. 6, 1997), 108 F.3d 677, and *State v. Edwards*, Cuyahoga App.Nos. 94568, 94929, 2011-Ohio-95, is unpersuasive. In *Rashad*, the defendant was prosecuted for possession with intent to deliver cocaine found in his automobile after he had been convicted for possession with intent to distribute cocaine found in his house; both convictions stemmed from the execution of a single search warrant. *Id.* at 678.[1] In *Edwards*, the defendants were charged with drug trafficking, drug possession, and possession of criminal tools based on a search of one defendant's car. After the defendants had entered a plea and were sentenced on the first charges, prosecutors filed new charges based on additional drugs that were found in the car, which in the meantime had been kept on an impound lot. *Id.* at ¶ 9 - ¶13. These scenarios are distinguishable from the facts of the case sub judice, as appellant herein was first convicted on the specific additional acts of taking the Sam's Club batteries to a scrap facility in Franklin County and attempting to sell them, which acts were subsequent to his act of breaking and entering at said Sam's Club in Fairfield County.

### *Reasonable Expectation of Final Disposition by Plea Agreement*

{¶25} Appellant next argues that when he entered into a plea agreement in the Franklin County Municipal Court for the reduced charge of attempted receiving stolen

---

[1] We also note the Sixth Circuit Court of Appeals has since suggested that *Rashad* should be limited in its application to the circumstances in that case. *See U.S. v. Forman* (C.A.6, 1999), 180 F.3d 766, 770.

property, he reasonably would have concluded that his guilty plea resolved all possible criminal charges related to the stolen batteries from Sam's Club, asserting that both prosecuting attorney offices involved in this matter are agents of the same governmental entity, the State of Ohio. Appellant relies on *State v. Carpenter* (1993), 68 Ohio St.3d 59. In that case, the Supreme Court of Ohio held: "The state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea." *Id.* at syllabus.

{¶26} *Carpenter*, however, involved a defendant's knife assault that became a potential murder case based on the subsequent death of the victim, more than a year after the defendant pled guilty to attempted felonious assault. In other words, whether the attack on the victim in *Carpenter* was ultimately classified as an assault or a murder, no *additional* acts by the defendant were involved that would have affected the status of the original crime. As we discussed earlier, in the case sub judice, appellant's additional acts of selling or attempting to sell the stolen batteries in Franklin County formed the basis of the attempted receiving stolen property charge in that jurisdiction.

{¶27} Furthermore, in *State v. Zima,* 102 Ohio St.3d 61, 806 N.E.2d 542, 2004-Ohio-1807, the Ohio Supreme Court explained that a defendant may not rely on a municipal court plea to resolve felony charges. Id. at ¶14. There is nothing in the record before us to indicate that the Franklin County municipal prosecutor promised appellant that his plea would resolve any other charges in another jurisdiction. Just as it was unreasonable for the defendant in *Zima* to assume that a misdemeanor plea resolved

felony charges in the same county, it was unreasonable for the appellant in the case sub judice to think that a misdemeanor plea in Franklin County would resolve possible felony charges in the county from which the stolen items were taken. Appellant's argument is also diminished by the case of *State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, in which the Ohio Supreme Court held that "[a] county prosecuting attorney does not have authority to enter into a plea agreement on behalf of the state for crimes committed wholly outside the county in which the prosecuting attorney has been elected." *Id.* at the syllabus.

**{¶28}** We are therefore unpersuaded that appellant was entitled to rely on his plea agreement in Franklin County as a guarantee that no further charges in Fairfield County would stem from the Reynoldsburg Sam's Club incidents of July 25, 2011.

**{¶29}** Appellant's sole Assignment of Error is overruled.

**{¶30}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Fairfield County, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

                                            JUDGES

JWW/d 0408

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                          :
                                                      :
    Plaintiff-Appellee                              :
                                                      :
-vs-                                                  :                    JUDGMENT ENTRY
                                                      :
CLARENCE E. MULLINS                                   :
                                                      :
    Defendant-Appellant                            :                    Case No. 12 CA 17


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

       Costs assessed to appellant.



                                    _____


                                      _____


                                      _____

                                                 JUDGES