[Cite as *State v. Cooper*, 2019-Ohio-770.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 29110 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KYLE COOPER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2017-08-3038 |

DECISION AND JOURNAL ENTRY

Dated: March 6, 2019

HENSAL, Judge.

{¶1} Kyle Cooper appeals the denial of his motion to dismiss in the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Cooper collided into the back of a motorcycle while driving in Akron, fracturing the pelvis of the motorcycle rider. A police officer cited him for violating three city ordinances, two of which were for operating a vehicle under the influence of alcohol (OVI) and the other for failure to keep an assured clear distance. Three days later, Mr. Cooper entered a plea of no contest to one of the OVI counts in Akron Municipal Court and the other offenses were dismissed.

{¶3} Two weeks after the municipal court accepted his plea, the Grand Jury indicted Mr. Cooper for one count of vehicular assault under Revised Code 2903.08(A)(2) based on the same incident. Mr. Cooper moved to dismiss the charge, arguing that it violated Double

Jeopardy and that his negotiated plea barred any further prosecution of his conduct. Following a hearing, the trial court denied his motion, concluding that double jeopardy did not apply and that Mr. Cooper could not reasonably rely on his plea as barring further charges. Mr. Cooper moved for reconsideration, but the trial court denied his motion. Mr. Cooper then decided to plead no contest to the offense. The trial court found him guilty and sentenced him to two years of community control. Mr. Cooper has appealed, assigning as error that the trial court incorrectly denied his motion to dismiss.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS/SUPPRESS.

{¶4} Mr. Cooper argues that the trial court incorrectly concluded that it was not reasonable for him to believe that he would not face any further criminal prosecution if he pleaded no contest to the OVI offense. We review the denial of Mr. Cooper's motion to dismiss de novo. *State v. Sims*, 9th Dist. Summit No. 22677, 2006-Ohio-2415, ¶ 17.

{¶5} In *State v. Carpenter*, 68 Ohio St.3d 59 (1993), the Ohio Supreme Court considered whether the state could indict a defendant for murder if the victim of a crime died from injuries sustained in the crime after the court accepted a negotiated guilty plea to a lesser offense. The Supreme Court explained that plea agreements are an essential and necessary part of the administration of justice and that they must be attended by safeguards to ensure that a defendant receives what is reasonably due under the circumstances. *Id*. at 61, citing *Santobello v. New York*, 404 U.S. 257, 261-262 (1971). It concluded that, unless the state expressly reserved the right to file additional charges on the record at the time of the defendant's plea, the defendant could not be indicted for murder. *Id*. at 62.

{¶6}    The Ohio Supreme Court next considered the issue in *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807.  In *Zima*, the defendant drove left of center on a Cleveland road and collided with a motorcycle.  The city charged her with driving under the influence, in violation of a city ordinance, as well as with driving under suspension, failure to yield, and failure to wear a seatbelt.  Following plea negotiations with the city, she pleaded no contest in municipal court to the driving under the influence charge and the city dismissed the other charges.  Meanwhile, four days before she entered her plea, the Grand Jury indicted her on two counts of aggravated vehicular assault and one count of driving under the influence under the Revised Code.  After sentencing in the municipal court, she moved to dismiss the indictment, arguing that the state was barred from prosecuting her following her conviction in municipal court.

{¶7}    In *Zima*, the Ohio Supreme Court explained that its holding in *Carpenter* was "essentially a synthesis of contract and criminal law in a particular factual setting."  *Id*. at ¶ 11. It explained that the defendant's expectation in *Carpenter* that "his guilty plea would terminate the incident was inherently justified because the prosecutor and the court had jurisdiction over all the charges, both actual and potential, and because the negotiated guilty plea included the dismissal of all pending charges."  *Id*. at ¶ 12.  It also explained that, "[i]n the absence of these or equivalent circumstances, * * * it would be exceedingly difficult to sustain a defendant's belief that no further charges will be brought or prosecuted."  *Id*.  Applying *Carpenter* to the facts of that case, the Ohio Supreme Court concluded that the defendant could not reasonably have believed that no further charges would be brought.  *Id*. at ¶ 14.  It noted that, at the time of her plea, the defendant had already been indicted and that neither the municipal court nor the city prosecutor had the authority to dismiss those charges.  *Id*.  Acknowledging that the defendant may not have been aware of the indictment, the Court observed that "a defendant should be

aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully." *Id*., quoting *State v. Zima*, 8th Dist. Cuyahoga No. 80824, 2002-Ohio-6327, ¶ 44 (Kilbane, J., concurring in part and dissenting in part).

{¶8} The issue, therefore, is whether Mr. Cooper could reasonably expect that he would not face further prosecution when he pleaded no contest to the operating under the influence charge. The parties acknowledged to the trial court that Mr. Cooper's plea in the municipal court was not recorded. Mr. Cooper presented testimony, however, about what occurred on the date of the incident and during the plea hearing. According to him, after police arrived on the scene, they transported him to a police station where he took a Breathalyzer test. Once they learned that the rider of the motorcycle had a fractured pelvis, one of the officers wrote him a ticket for OVI and told him that there would be no criminal charges. The officer also checked a box on the ticket form indicating that there were no criminal charges. The officer advised him "to get a good lawyer and get it all taken care of in court * * *."

{¶9} According to Mr. Cooper, on his court date three days later, his attorney met with the prosecutor and negotiated a plea deal. Under the terms of the deal, he pleaded no contest to one of the OVI counts and the other two charges were dropped. Mr. Cooper testified that he never saw the judge, but that his attorney simply took his file before the judge. His attorney also told him that, because he had pleaded guilty that day, there would be no other charges arising out of the incident. Mr. Cooper believed his attorney because he had never been in trouble before and the process was all new to him.

{¶10} The same attorney who represented Mr. Cooper in the municipal court case represented him at the hearing on his motion to dismiss. The attorney told the court that he negotiated Mr. Cooper's plea with the city prosecutor. He corroborated Mr. Cooper's testimony

that a judge did not review the plea with Mr. Cooper, that Mr. Cooper understood his rights, and that Mr. Cooper understood that his plea would bar any future charges. He admitted, however, that he did not discuss future charges with the city prosecutor.

{¶11} Although Mr. Cooper may have believed he would not face criminal charges based on the ticket he received and the assurances of his attorney, we conclude that, under *Zima*, his belief was not reasonable. As the Ohio Supreme Court explained in that case, "a defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully." *Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, at ¶ 14, quoting *Zima*, 2002-Ohio-6327, at ¶ 44 (Kilbane, J., concurring in part and dissenting in part). Unlike in *Carpenter*, the municipal court did not have "jurisdiction over all the charges, both actual and potential * * *." *Id*. at ¶ 12. Mr. Cooper's attorney also admitted that he did not discuss future charges with the city prosecutor at the time he negotiated Mr. Cooper's plea in the municipal court case. *See State v. Mullins*, 5th Dist. Fairfield No. 12 CA 17, 2013-Ohio-1826, ¶ 27.

{¶12} Mr. Cooper argues that this Court should follow the decisions of the Eighth District Court of Appeals in *State v. McDonough*, 8th Dist. Cuyahoga No. 84766, 2005-Ohio-1315 and Tenth District Court of Appeals in *State v. Church*, 10th Dist. Franklin No. 12AP-34, 2012-Ohio-5663. In *McDonough*, the defendant, following a traffic stop, was cited for driving under suspension, red-light traffic signal, and use of illegal plates. In exchange for a reduction of the driving-under-suspension charge to no operator's license, the defendant agreed to plead no contest to the charges in municipal court. At the time of his plea, he had been indicted by the Grand Jury for receiving stolen property based on his possession of the illegal license plates. Following his plea, he moved to dismiss the indictment, arguing that further prosecution of the

charge constituted a breach of his plea agreement. The Eighth District concluded that the defendant's belief that he would not face additional prosecution was reasonable. It noted that the receiving stolen property charge had originally been filed in the municipal court before being bound over to the common pleas court. *McDonough* at ¶ 11. It noted that the same officer who issued the citations to the defendant also assisted in the common pleas court case. *Id*. It, therefore, explained that the municipal court and the city prosecutor should have been aware of the other charge at the time of the plea agreement. *Id*.

{¶13} In *Church*, the defendant entered a negotiated plea in municipal court to one count of failure to use a crosswalk in exchange for the dismissal of a drug possession charge. Over a month later, he was indicted for trafficking drugs from the same incident. The Tenth District noted that, at the time he entered his plea in municipal court, the court explained that the plea offer involved him pleading to the jaywalking offense in order to "dismiss the drug abuse." *Church* at ¶ 15. It explained that there was nothing in the record indicating that the prosecution had reserved the right to pursue more serious drug charges. *Id*. It concluded that, under the facts and circumstances, the defendant reasonably believed that, following his negotiated plea, he would not be subject to more serious drug charges. *Id*. at ¶ 17.

{¶14} The facts of this case are distinguishable from *McDonough* and *Church*. Unlike in *McDonough*, the Grand Jury did not indict Mr. Cooper until after he pleaded no contest in the municipal court case. There is nothing in the record to suggest that the municipal court or the city prosecutor were aware of other charges that the county prosecutor may have been considering. Unlike in *Church*, there is no similarity between Mr. Cooper's misdemeanor OVI charge and the version of vehicular assault under which he was indicted. There is also nothing in the record that indicates that the city prosecutor or the court made any assurances to Mr. Cooper

about other charges. Mr. Cooper's belief that he would not face any additional charges appears to have come from his conversations with his attorney. The attorney admitted, however, that he had not discussed further charges with the city prosecutor. He only assumed that, because no charges had been filed, they would be barred by Mr. Cooper's plea. Mr. Cooper also relies on the fact that the officer who issued his citation told him that there would be no criminal charges. He has not cited to any decisions, however, in which statements by the charging officer were considered in deciding whether the defendant had a reasonable belief that he would not face additional charges. Moreover, we cannot disregard the Ohio Supreme Court's directive that "a defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully." *Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807 at ¶ 14, quoting *Zima*, 2002-Ohio-6327, at ¶ 44 (Kilbane, J., concurring in part and dissenting in part).

**{¶15}** Upon review of the record, we conclude that Mr. Cooper has not established that he had a reasonable belief that his plea of no contest to one count of OVI in municipal court would bar any other charges arising out of his collision with the motorcycle. We, therefore, conclude that the trial court correctly denied his motion to dismiss. Mr. Cooper's assignment of error is overruled.

III.

**{¶16}** Mr. Cooper's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CONCUR.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶17} I would affirm solely on the basis that there is no record of the proceedings in municipal court.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.