[Cite as *State v. Lamp*, 2013-Ohio-1219.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant

    v.

MARK EMERY LAMP

    Appellee

C.A. No.    26602

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 12 06 1587

DECISION AND JOURNAL ENTRY

Dated: March 29, 2013

CARR, Judge.

{¶1}    Appellant, the State of Ohio, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2}    Mark Lamp was arrested on May 18, 2012, and charged with a misdemeanor theft offense. Subsequently, the Summit County Grand Jury returned an indictment charging Lamp with one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. On July 20, 2012, after pleading guilty to theft in municipal court, Lamp filed a motion to dismiss the felony indictment on double jeopardy grounds. After a hearing, the trial court issued a journal entry granting Lamp's motion.

{¶3}    On appeal, the State of Ohio raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING THE INDICTMENT.

{¶4} In its assignment of error, the State argues that the trial court erred in granting Lamp's motion to dismiss the indictment. This Court agrees.

{¶5} The Fifth Amendment to the United States Constitution provides that "[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life and limb." Similarly, Section 10, Article I, Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense."

{¶6} Lamp argued in his motion that the indictment should be dismissed because the State's decision to charge him with breaking and entering violated the constitutional prohibition against double jeopardy. In support of his motion to dismiss, however, Lamp relied on both double jeopardy case law as well as case law dealing with whether two crimes constituted allied offenses of similar import. A critical segment of Lamp's analysis hinged on the Ohio Supreme Court's decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 44, in which the high court clarified the application of Ohio's allied offenses statute, R.C. 2941.25, and overruled *State v. Rance*, 85 Ohio St.3d 632 (1999), "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25."

{¶7} While Lamp relied on *Johnson* in support of his motion, we note that the standard for determining whether a successive prosecution violates the double jeopardy clause is separate and distinct from the allied offenses standard set forth in R.C. 2941.25. In *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, ¶ 18, the Supreme Court held that determining whether an accused is being successively prosecuted for the "same offense" requires courts to apply the

"same elements" test articulated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which states, "The applicable rule under the Fifth Amendment is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. * * * A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." (Internal citations and quotations omitted.)

{¶8} In *Zima*, the Supreme Court confronted a set a circumstances where a defendant was charged with driving under the influence in violation of a Cleveland City Ordinance. The Cuyahoga County Grand jury subsequently indicted the defendant on charges of aggravated vehicular assault on the basis that she was driving under the influence, aggravated vehicular assault on the basis that she was driving recklessly, and driving under the influence. Like this case, the defendant in *Zima* entered into a plea agreement in municipal court on the misdemeanor charge and then subsequently moved to dismiss the felony charges pending in common pleas court on double jeopardy grounds. There, the Supreme Court emphasized that the test for successive prosecutions outlined in *Blockburger* is separate from the allied offenses standard set forth in R.C. 2941.25, stating that when a case "involves only the issues of successive prosecutions, it is not controlled by R.C. 2941.25 or *Rance*." *Zima* at ¶ 40, fn 3.

{¶9} At the hearing on Lamp's motion, defense counsel did not focus on the double jeopardy standard set forth in *Blockburger*. Instead, defense counsel emphasized that the Supreme Court's decision in *Johnson* had "redefined [Ohio's] understanding of allied offenses," and that under that standard, the indictment should be dismissed because theft and breaking and

entering were allied offenses of similar import. Defense counsel further noted that the authority the State relied upon in opposition to the motion was of limited precedential value as those cases were decided prior to the *Johnson* decision. The trial court then stated that it had "read and studied" *Johnson*, and that the "key issue" is "whether it is possible for the same act to constitute a violation of two statutes." After further discussion of the *Johnson* standard and the facts of this case, the trial court concluded that theft and breaking and entering were allied offenses, and that Lamp's motion to dismiss on double jeopardy grounds should be granted.

{¶10} The trial court erred by applying the test set forth in *Johnson* to determine whether the State's decision to charge Lamp with breaking and entering violated the constitutional prohibition against double jeopardy. The Ohio Supreme Court's decision in *Johnson*, as well as its prior decision in *Rance*, dealt with determining whether two crimes were allied offenses of similar import pursuant to R.C. 2941.25. As this case involved the question of whether Lamp was being successively prosecuted for the same offense, the trial court should have utilized the "same elements" test articulated in *Blockburger*. It follows that this case must be remanded for the trial court to make the initial determination regarding whether, under the standard set forth in *Blockburger*, the principles of double jeopardy bar successive prosecution in this case.

{¶11} The State's assignment of error is sustained.

III.

{¶12} The State's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellant.

JEFFREY N. JAMES, Attorney at Law, for Appellee.