[Cite as *State v. Thompson*, 2013-Ohio-2647.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130053 |
| | | TRIAL NO. B-1204220 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MATT THOMPSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  June 26, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rubenstein & Thurman, L.P.A.*, and *Scott A. Rubenstein,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Defendant-appellant Matt Thompson pleaded no contest to burglary and was sentenced to two years in prison after the trial court overruled his motion to dismiss the indictment against him on double-jeopardy grounds.  Thompson appeals the trial court's decision denying his motion to dismiss, and because we reiterate that successive-prosecution cases are controlled by *Blockburger*, and not by R.C. 2941.25, we affirm.

{¶2}   On January 25, 2012, the state of Ohio filed a criminal complaint against Thompson, charging him with receiving stolen property under R.C. 2913.51, specifically a Vizio television belonging to the victim, C.W., which had been stolen from C.W.'s home that same day.  On June 21, 2012, Thompson and a codefendant were indicted for burglary under R.C. 2911.12(A)(2), a second-degree felony, in the Hamilton County Court of Common Pleas for entering by force into C.W.'s home and stealing two televisions and a cellular phone, according to the bill of particulars.  Thompson pleaded no contest to misdemeanor receiving stolen property in the Hamilton County Municipal Court in October 2012, and was sentenced to 30 days in jail.

{¶3}   Within days of his no-contest plea in municipal court, Thompson filed a motion to dismiss the indictment against him for burglary on double-jeopardy grounds.  Thompson specifically argued that because the receiving-stolen-property and burglary offenses were allied offenses of similar import subject to merger, Thompson's prosecution for burglary violated his double-jeopardy rights.  The trial court overruled Thompson's motion, determining that Thompson's conduct in retaining stolen property was separate from the conduct required to prove burglary.

2

Thompson subsequently pleaded no contest to the burglary charge and was sentenced to two years in the department of corrections. This appeal ensued.

{¶4} In a sole assignment of error, Thompson contends that the trial court erred by denying his motion to dismiss. Thompson argues that his burglary prosecution violated his double-jeopardy rights because he had already been convicted of receiving stolen property under R.C. 2913.51 in municipal court, and that the burglary and receiving-stolen-property offenses were allied offenses of similar import that must be merged under R.C. 2941.25. We review a trial court's decision on a motion to dismiss an indictment de novo. *State v. Battease*, 1st Dist. Nos. C-050837 and C-050838, 2006-Ohio-6617, ¶ 14.

{¶5} This court has held that successive-prosecution cases, such as this, are controlled by *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and not by R.C. 2941.25. *See Univ. of Cincinnati v. Tuttle*, 1st Dist. No. C-080357, 2009-Ohio-4493, ¶ 12, citing *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542. Under *Blockburger*, "the Double Jeopardy Clause * * * prohibits successive prosecutions for the same criminal act or transaction under two criminal statutes unless each statute requires proof of a fact which the other does not." (Internal quotations and citations omitted). *State v. Tolbert*, 60 Ohio St.3d 89, 573 N.E.2d 617 (1991), paragraph one of the syllabus.

{¶6} In *Tuttle*, the University of Cincinnati ("UC") had obtained a permanent injunction against the defendant, prohibiting the defendant from being on UC's property. The defendant was later found on UC's property on two occasions, and, as a result, was convicted in the Hamilton County Municipal Court of trespassing. The defendant was subsequently prosecuted in the common pleas court

3

for indirect criminal contempt for violating the permanent injunction. The defendant filed a motion to dismiss the contempt charges on the basis that the contempt prosecution violated his double-jeopardy rights because the contempt charges were premised on the same conduct as the trespassing convictions. *Tuttle* at ¶ 12. This court affirmed the trial court's decision overruling the defendant's motion by applying the "same elements" test from *Blockburger* and explicitly rejecting an application of R.C. 2941.25. *Id.* at ¶ 12-13.

{¶7} We conclude that our decision in *Tuttle* remains unchanged by the Supreme Court's interpretation of R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. *See State v. Lamp*, 9th Dist. No. 26602, 2013-Ohio-1219, ¶ 7 (recognizing that successive-prosecution cases under the Fifth Amendment are controlled by *Blockburger* and not R.C. 2941.25 and *Johnson*).

{¶8} Applying the *Blockburger* test to the instant case, burglary requires proof that a defendant trespassed, an element not required by the receiving-stolen-property statute; therefore, Thompson's double-jeopardy rights were not violated by his prosecution for burglary. *See* R.C. 2911.12(A)(2) and 2913.51. The trial court did not err in overruling Thompson's motion to dismiss the indictment for burglary.

{¶9} We overrule Thompson's assignment of error. The judgment of the trial court is affirmed.

Judgment affirmed.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.

4