[Cite as *State v. Pope*, 2017-Ohio-1308.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                    :
                                :
    *Plaintiff-Appellee*          :    Appellate Case No. 27231
                                :
v.                              :    Trial Court Case No. 2016-CR-1095
                                :
KENNETH POPE                     :    (Criminal Appeal from
                                :    Common Pleas Court)
    *Defendant-Appellant*          :
                                :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 7th day of April, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LARRY J. DENNY, Atty. Reg. No. 0020430, and MICHAEL MILLS, Atty. Reg. No. 0092133, 371 West First Street, Second Floor, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Kenneth Pope, appeals from the decision of the Montgomery County Court of Common Pleas overruling his motion to dismiss an indictment charging him with one count of improperly handling a firearm in a motor vehicle while intoxicated.   In support of his appeal, Pope claims that his constitutional protection against successive prosecutions under the Double Jeopardy Clause prevented the State from prosecuting him for that offense because he had already been charged and convicted for operating a vehicle while under the influence of alcohol ("OVI") in a different court for the same incident.   Specifically, Pope claims that the OVI offense is a lesser included offense and allied offense of similar import to the improperly handling a firearm charge.   For the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On April 6, 2016, Pope was involved in a single-vehicle accident in Dayton, Ohio, when he drove into a cement curb and disabled his vehicle.   At the scene of the accident, responding police officers discovered Pope sitting in the driver's seat of his vehicle and detected the odor of alcohol emanating from the vehicle.   Pope admitted to the officers that he had consumed alcohol that evening and submitted to a breathalyzer test, which revealed his blood alcohol level was over the legal limit.   During the encounter, Pope also admitted that he was in possession of a firearm.   The officers thereafter searched Pope's vehicle and discovered a loaded firearm underneath the driver's seat.

{¶ 3} As a result of that incident, Pope was arrested and charged in the Dayton

Municipal Court with misdemeanor OVI and failure to control violations. In relation to the same incident, Pope was subsequently indicted in the Montgomery County Court of Common Pleas for improperly handling a firearm in a motor vehicle while intoxicated in violation of R.C. 2923.16(D)(1), a felony of the fifth degree.

{¶ 4} While the Montgomery County case was pending, on June 10, 2016, Pope was convicted in the Dayton Municipal Court for the OVI offense, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a). Following that conviction, on June 15, 2016, Pope filed a motion to dismiss the Montgomery County indictment on grounds that his constitutional protection against double jeopardy prohibited the State from prosecuting him for improperly handling a firearm in a motor vehicle while intoxicated. In support of that claim, Pope alleged that his prior OVI conviction was a lesser included offense and allied offense of similar import to the improperly handling a firearm charge.

{¶ 5} On July 5, 2016, the trial court issued a written decision overruling Pope's motion to dismiss the indictment. Following that decision, Pope entered a no contest plea to the indicted charge, which the trial court accepted. After finding Pope guilty, the trial court sentenced Pope to community control sanctions not to exceed five years.

{¶ 6} Pope now appeals from his conviction, raising one assignment of error for this court's review.

### Assignment of Error

{¶ 7} Pope's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO DISMISS.

{¶ 8} Under his single assignment of error, Pope contends that the trial court erred in overruling his motion to dismiss the indictment charging him with improperly handling a firearm in a motor vehicle while intoxicated. In support of this claim, Pope maintains that his constitutional protection against double jeopardy should have barred the State from prosecuting him on the improperly handling a firearm offense because he claims that his prior OVI conviction in the Dayton Municipal Court is a lesser included offense. Pope also claims that the double jeopardy protection prohibits the State from prosecuting him for both the OVI and improperly handling a firearm offenses because they are allied offenses of similar import. We disagree with both of Pope's arguments.

*Standard of Review and Double Jeopardy*

{¶ 9} "We conduct a de novo review of a denial of a motion to dismiss an indictment on the grounds of double jeopardy." (Citations omitted.) *State v. Gunnell*, 2d Dist. Clark No. 09-CA-0013, 2010-Ohio-4415, ¶ 54.

{¶ 10} "The Double Jeopardy Clause protects against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.' " *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). In this case, Pope's assignment of error only implicates the double jeopardy protection against successive prosecutions for the same offense following a conviction.

{¶ 11} The Supreme Court of Ohio has held that in determining whether a

defendant is being successively prosecuted for the same offense within the meaning of the Double Jeopardy Clause, a court must apply the "same elements" test articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, ¶ 18*. Accord State v. Matthews*, 2d Dist. Montgomery No. 23953, 2011-Ohio-2067, ¶ 19. Under *Blockburger*, " 'the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' " *Zima* at ¶ 19, quoting *State v. Best*, 42 Ohio St.2d 530, 330 N.E.2d 421 (1975), paragraph three of the syllabus.

{¶ 12} Therefore, the test in *Blockburger* focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case, and determines whether each offense contains an element not contained in the other. *Id.* at ¶ 20. If there is no such element, the offenses are considered to be the same offense and " 'double jeopardy bars additional punishment and successive prosecution.' " *Id.*, quoting *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

*Lesser Included Offenses*

{¶ 13} As previously noted, Pope claims that the double jeopardy protection against successive prosecutions prohibits the State from prosecuting him for the improperly handling a firearm offense on grounds that his prior OVI is a lesser included offense to that charge.

{¶ 14} It is well established that the test in *Blockburger* "applies to bar successive prosecutions for greater and lesser included offenses[.]" *Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542 at ¶ 41. *Accord State v. Jordan*, 10th Dist. Franklin Nos. 14AP-978, 14AP-979, 2015-Ohio-4457, ¶ 15. *See also State v. Morton*, 2d Dist. Montgomery No. 20358, 2005-Ohio-308, ¶ 8 ("the successive prosecution branch of the Double Jeopardy Clause 'prohibits the state from trying a defendant for a greater offense after a conviction of a lesser included offense' and from twice trying a defendant for the same offense"), quoting *State v. Bickerstaff*, 10 Ohio St.3d 62, 64, 461 N.E.2d 892 (1984); *State v. Sturgell*, 2d Dist. Darke No. 1751, 2009-Ohio-5628, ¶ 10 (a "[c]onviction on a lesser included offense generally bars subsequent prosecution for a greater offense"), quoting *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

{¶ 15} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, * * * be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." (Citation omitted.) *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus, as modified by *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 25 (deleting the word "ever" in the second part of the test announced in *Deem*). *Accord State v. Frazier*, 2d Dist. Montgomery Nos. 26495, 26496, 2016-Ohio-727, ¶ 57.

{¶ 16} In applying the foregoing test in *Deem*, Pope contends that his misdemeanor OVI in violation of R.C. 4511.19(A)(1)(a) is a lesser included offense to a felony violation of R.C. 2923.16(D)(1) because the OVI offense carries a lesser penalty,

is always committed when an individual violates R.C. 2923.16(D)(1), and does not include the element of having a firearm. We, however, disagree with Pope's claim that the OVI offense is always committed when an individual violates R.C. 2923.16(D)(1).

{¶ 17} To violate R.C. 2923.16(D)(1), an individual must "knowingly *transport or have* a loaded handgun in a motor vehicle" when "at the time of that *transportation or possession*" the individual "is under the influence of alcohol, a drug of abuse, or a combination of them." (Emphasis added.) Therefore, an individual can violate R.C. 2923.16(D)(1) simply by having/possessing a loaded firearm in a motor vehicle while intoxicated; movement of the vehicle is not required.

{¶ 18} In contrast, to commit an OVI offense in violation of R.C. 4511.19(A)(1)(a), an individual must "*operate* any vehicle, streetcar, or trackless trolley within this state" when "at the time of the *operation*" the individual "is under the influence of alcohol, a drug of abuse, or a combination of them." (Emphasis added.) The term "operate" is statutorily defined as "to cause or have caused movement of a vehicle, streetcar, or trackless trolley." R.C. 4511.01(HHH).

{¶ 19} Because the plain language of R.C. 2923.16(D)(1) does not necessitate movement of the vehicle, the improperly handling a firearm offense at issue can be committed without committing an OVI offense in violation of R.C. 4511.19(A)(1)(a), which requires the offender "to cause or have caused movement of a vehicle."

{¶ 20} Pope nevertheless claims that since he drove his vehicle, only the "transport" element in R.C. 2923.16(D)(1) applies to him, and thus advocates for this court to interpret R.C. 2923.16(D)(1) in a manner that creates two separate classes of offenders: (1) drivers who transport a loaded firearm; and (2) passengers who merely

have/possess a loaded firearm. Pope further argues that the "transport" element in R.C. 2923.16(D)(1) is synonymous with the "operate" element in R.C. 4511.19(A)(1)(a). As a result, he claims he could not have committed a violation of R.C. 2923.16(D)(1) without also committing an OVI offense in violation of R.C. 4511.19(A)(1)(a).

{¶ 21} Pope does not, however, cite any authority supporting his proposition that the "transport" element in R.C. 2923.16(D)(1) applies solely to drivers and the "possession" element to passengers. The plain language of R.C. 2923.16(D)(1) does not support such an interpretation, as the statute does not distinguish between drivers and passengers. Rather, the statute simply states that "[n]o *person* shall knowingly transport or have a loaded handgun in a motor vehicle * * * [.]" (Emphasis added.) R.C. 2923.16(D)(1). *See also State v. Dodson*, 10th Dist. Franklin No. 10AP-603, 2011-Ohio-1092 (an appellant seated in the driver's compartment of his vehicle was found to have violated R.C. 2923.16 for "possessing" a firearm that was discovered underneath the driver's seat).

{¶ 22} We also disagree with Pope's claim that the terms "transport" and "operate" are interchangeable. "Where the legislature uses different terms between statutes, it should be presumed that the legislature intended different meanings." *State v. Pittman*, 2014-Ohio-5001, 21 N.E.3d 1118, ¶ 21 (3d Dist.), citing *State ex rel. Fink v. Registrar, Ohio Bur. of Motor Vehicles*, 12th Dist. Butler No. CA98-02-021, 1998 WL 634707, *2 at fn. 2 (Sept. 14, 1998), citing *Metro. Securities Co. v. Warren State Bank*, 117 Ohio St. 69, 76, 158 N.E. 81 (1927). *See also State v. Herbert*, 49 Ohio St.2d 88, 113, 358 N.E.2d 1090 (1976) ("the use of different language [in statutes] gives rise to a presumption that different meanings were intended"); *Farmer v. Berry*, 2012-Ohio-4940, 981 N.E.2d 929,

¶ 15 (8th Dist.) ("we will 'presume[ ] that different results were intended' when the General Assembly 'used certain language in the one instance and wholly different language in the other' "), quoting *Metro Securities Co.* at 76.

**{¶ 23}** Although not defined by statute, the term "transport" is generally defined as "to carry or convey (a thing) from one place to another." *Black's Law Dictionary* (10th Ed.2014). That definition is different from the statutory definition of "operate." Unlike the definition of "operate," the definition of "transport" does not necessitate causing the movement of a motor vehicle. The fact that the legislature chose to use these different words in each statute implies that it did not mean for them to be used interchangeably as Pope claims.

**{¶ 24}** In support of his interchangeability argument, Pope cites to *Columbus v. Freeman*, 181 Ohio App.3d 320, 2009-Ohio-1046, 908 N.E.2d 1026 (10th Dist.) for the proposition that a passenger can be convicted for OVI, thus implying that one can be convicted of the offense without necessarily causing movement of a vehicle. The passenger in *Freeman*, however, was convicted of operating a vehicle under suspension and reckless operation because he grabbed the steering wheel during a fight with the driver and caused the vehicle to crash into a ditch. *Id.* at ¶ 1-2. The court in *Freeman* analyzed the definition of "operate" in R.C. 4511.01(HHH) and applied it to the reckless operation charge and held that the "definition can encompass a person in the vehicle whose conduct causes movement of the vehicle by grabbing the steering wheel." *Id.* at ¶ 17. Because the passenger was found to have operated the vehicle within the meaning of R.C. 4511.01(HHH), *Freeman* does not stand for the proposition that Pope attempts to establish.

{¶ 25} In this court's view, Pope violated R.C. 2923.16(D)(1) and committed the improperly handling a firearm offense the moment he entered his vehicle (which he knew contained a loaded firearm under the driver's seat) while under the influence of alcohol. His actions satisfy the "possession" element of R.C. 2923.16(D)(1), as "possession can be either actual or constructive" and " '[a] person has possession when he knows that he has the object on or about his (person) (property) or (places it where it is accessible to his use or direction) and he has the ability to direct or control its use.' " *State v. Hancovsky*, 2015-Ohio-2602, 38 N.E.3d 471, ¶ 73-74 (11th Dist.), citing *State v. Campbell*, 11th Dist. Ashtabula No. 2014-A-0005, 2014-Ohio-4305, ¶ 23 and quoting Ohio Jury Instructions, CR Section 417.21(3). Had Pope been stopped by the police before having the chance to operate his vehicle, he would have still satisfied all elements of R.C. 2923.16(D)(1), but would not have satisfied all the elements for OVI under R.C. 4511.19(A)(1)(a). In other words, he could have committed the greater offense of improperly handling a firearm in a motor vehicle while intoxicated without also committing the OVI offense.

{¶ 26} Therefore, under the test announced in *Deem,* 40 Ohio St.3d 205, 533 N.E.2d 294, Pope's conviction for OVI is not a lesser included offense. As a result, the double jeopardy protection against successive prosecutions did not prohibit the State from prosecuting Pope for the improperly handling a firearm offense after he was convicted of the OVI offense.

{¶ 27} For the foregoing reasons, Pope's lesser-included-offense claim is overruled.

*Allied Offenses*

{¶ 28} Pope also contends that pursuant to Ohio's allied offense statute, R.C. 2941.25, his conviction for OVI in the Dayton Municipal Court and the improperly handling a firearm offense in this case are allied offenses of similar import. Based on that conclusion, Pope claims that the State was prohibited from prosecuting him on the improperly handling a firearm offense after he was convicted for the OVI, as he believes it constituted a successive prosecution in violation of the Double Jeopardy Clause.

{¶ 29} Initially, we note that R.C. 2941.25 codifies the double jeopardy protection against multiple punishments for the same offense. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. Multiple courts, including the Supreme Court of Ohio, have found that R.C. 2941.25 is inapplicable to double jeopardy claims involving the protection against successive prosecutions on grounds that successive prosecution cases are controlled by the *Blockburger* test. *See, e.g., Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542 at fn. 3 ("since the present case involves only the issue of successive prosecutions, it is not controlled by R.C. 2941.25"); *State v. Bridges*, 10th Dist. Franklin No. 14AP-602, 2015-Ohio-4480, ¶ 25-31 (applying the *Blockburger* test as opposed to R.C. 2941.25 after noting that the appeal concerned the issue of successive prosecutions rather than multiple punishments); *State v. Workman*, 4th Dist. Athens No. 14CA25, 2015-Ohio-4483, ¶ 13 ("[t]he R.C. 2941.25 multiple count statute and allied offense analysis do not apply when examining a double jeopardy claim based upon a successive prosecution"); *State v. Woodruff*, 3d Dist. Logan No. 8-14-21, 2015-Ohio-1342, ¶ 9 ("R.C. 2941.25 and *Johnson* are inapplicable as the present case involves successive prosecutions in separate trials rather than cumulative punishments"); *State v.*

*Thompson*, 1st Dist. Hamilton No. C-130053, 2013-Ohio-2647, ¶ 1 ("successive-prosecution cases are controlled by *Blockburger*, and not by R.C. 2941.25"); *State v. Lamp*, 9th Dist. Summit No. 26602, 2013-Ohio-1219, ¶ 7 ("the standard for determining whether a successive prosecution violates the double jeopardy clause is separate and distinct from the allied offenses standard set forth in R.C. 2941.25"); *Univ. of Cincinnati v. Tuttle*, 1st Dist. Hamilton No. C-080357, 2009-Ohio-4493, ¶ 12 ("[b]ecause this case concerns only the issue of successive prosecution, it is not controlled by R.C. 2941.25").

{¶ 30} However, even if we did apply R.C. 2941.25 to the instant case, Pope's allied offense argument still fails. R.C. 2941.25 provides that:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 31} " '[W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit

separate convictions. The conduct, the animus, and the import must all be considered.' " *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 12, quoting *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892 at ¶ 31.

{¶ 32} As to the question of import and significance, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims *or if the harm that results from each offense is separate and identifiable.*" (Emphasis added.) *Ruff* at ¶ 23.

{¶ 33} In *Earley*, the Supreme Court of Ohio concluded that felony aggravated vehicular assault under R.C. 2903.08(A)(1)(a) and a misdemeanor OVI under R.C. 4511.19(A)(1)(a) were offenses of dissimilar import and significance based, in part, on the difference in the resulting harm. Specifically, the court stated that:

> [A]ggravated vehicular assault necessarily involves causing serious physical harm to another person. A first-degree-misdemeanor violation of R.C. 4511.19(A)(1)(a), on the other hand, occurs any time an individual drives under the influence of alcohol or drugs, and one who does so commits this offense regardless of any subsequent consequences that occur due to the impaired driver's actions. There is a legitimate justification for criminalizing each of these offenses separately, and R.C. 2941.25 permits separate convictions for both pursuant to the test set forth in *Ruff*.

*Id.* at ¶ 15.

{¶ 34} In this case, the resulting harm from Pope's OVI conviction is the risk of danger he posed to himself, others, or property through operating his vehicle while intoxicated. In other words, the harm flows from him operating the vehicle in an

intoxicated state. On the other hand, the offense of improperly handling a firearm in a motor vehicle while intoxicated involves the separate danger of Pope causing harm to himself, others, or property with a firearm while inside a motor vehicle. For that offense, the resulting harm flows from Pope possessing/transporting a firearm in an intoxicated state, not simply from operating a vehicle. As previously noted, it is immaterial whether Pope operated the vehicle for purposes of the improperly handling a firearm offense, as the resulting harm is the increased risk that Pope would use the firearm inside his car while intoxicated.

{¶ 35} While public safety is admittedly a concern for both offenses, the firearm component of the improper handling statute renders the harm associated with it unique from the harm associated with a conviction for OVI. Therefore, the resulting harm is separate and identifiable for each offense and warrants separate criminalization. In light of this, we conclude that the offenses at issue were dissimilar in significance and import under the test in *Ruff* and are not allied offenses of similar import.

{¶ 36} For the foregoing reasons, Pope's allied-offense claim is overruled.

{¶ 37} Because all of Pope's claims lack merit, his single assignment of error is overruled.

## Conclusion

{¶ 38} Having overruled Pope's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michael J. Scarpelli
Larry J. Denny
Michael Mills
Hon. Mary Katherine Huffman